## CHARLES E. SEXEY v. L. D. ADKINSON.

PROOF OF DEBT—WHEN NECESSARY TO JUSTIFY LEVY UNDER ATTACHMENT OR EXECUTION.—In the suit of H. against C., A., as Sheriff, under a writ of attachment regularly issued in said action, seized, in the hands of S., personal property as the property of C. S. sued A. to recover said property, alleging ownership, and on the trial deraigned title through a sale to him from C., made prior to said seizure under attachment. A., in defense, pleaded said attachment suit and proceedings, and that said sale was fraudulent and void as against H. On the trial, A. introduced in evidence the complaint, summons, answer, affidavit, and undertaking for attachment, and the writ of attachment in said suit of H. against C., but introduced no judgment therein or other evidence of the existence of the debt demanded in said complaint. *Held*, that the admission of said evidence under the objections of S. was proper, but that said attachment suit and proceedings were unavailable to A. as a defense to said action, in the absence of proof of a judgment therein, or of the existence of said debt.

IDEM.—The transfer of said property by said sale from C. to S., even if fraudulent, was good as against all the world except creditors ; and even a creditor at large could not attack it.

IDEM.—When property is taken from the possession of the defendant by the officer levying thereon, it is sufficient to introduce in evidence the attachment or execution under which the levy is made ; but when found in the possession of a stranger claiming title to the property so seized, it is likewise necessary to show a judgment, or prove the debt for which judgment is demanded in the attachment suit.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

This was an action to recover personal property, consisting of drifted gold bearing earth, severed from a mining claim, and quicksilver, gold amalgam and blocks, etc., situated and being, at the time of the seizure by defendant, in a flume used in operating said mining claim. The evidence at the trial tended to prove that said property was taken from the possession of plaintiff, who was a stranger to the writ under which it was seized, and that at said time he was in the possession of and working said mining claim. The alleged sale, under which plaintiff claimed title to the demanded property, was made April 14th, 1866, and said seizure by defendant took place April 23d, 1866. Bradley, in whose charge, for the purposes of holding possession and working said mining claim, said personal property and min-

ing claim were placed by plaintiff at the time of taking possession on the said 14th day of April, and who thereafter continued in such charge until said seizure by defendant, had been working in said claims in the general business of mining, as an employé of Crane & Co., but not as general superintendent. McQueen intervened in the action, claiming the demanded property as against both parties; and the evidence at the trial tended to prove him to have been one of the owners of the demanded property and said mining claim at the time of said sale to plaintiff.

The following instruction, (designated in the opinion of this Court as the "first,") was asked, by the plaintiff, to be given to the jury, and was refused by the Court below, to which refusal plaintiff duly excepted, to wit:

"First—If the jury find from the evidence that Crane, with the assent and advice of the intervenor, McQueen, delivered to the plaintiff, Sexey, on the 14th day of April, 1866, the personal property sued for, and at the same time the possession of the mining claim, with its appurtenances, upon which such personal property was situated at the time, and that Sexey took possession of the claim and the said personal property, and placed the same in charge of Bradley as his agent, that makes an immediate delivery; and if the jury further find that Sexey, the plaintiff, by his agent, Bradley, retained the exclusive control, management, and use of the said personal property and the said claim, from the said 14th day of April, 1866, until its seizure by the defendant, that constitutes an actual and continued change of possession, and they will find for the plaintiff."

Defendant had judgment below, and plaintiff appealed therefrom, and from an order denying his motion for a new trial, on the grounds that said judgment was against the evidence and against law, and especially that the Court erred in giving and refusing instructions as aforesaid.

The other facts are stated in the opinion of the Court.

*W. C. Belcher*, and *G. N. Swezy*, for Appellant, argued:

That even if the sale from Crane & Co. to plaintiff was proven to have been fraudulent, as alleged, by respondent, yet such sale would not thereby be rendered void, except as against the judgment and attaching creditors of Crane & Co. That in the absence of proof of a judgment against Crane & Co., or of the existence of the debt for which judgment was demanded against Crane & Co. by Hutchings, the attachment proceedings in the suit of the latter against Crane & Co. did not prove or tend to prove that Hutchings was such judgment or attaching creditor, and were, therefore, unavailable to respondent as a defense against appellant's acknowledged title to the demanded property, accompanied by his actual possession at the time of the seizure by respondent; and cited *Thornburg* v. *Hand*, 7 Cal. 561; *Rinchey* v. *Stryker*, 28 N. Y. 52; *Noble* v. *Holmes*, 5 Hill, 195; *McMinn* v. *Whelan*, 27 Cal. 315.

They further argued, that the Court erred in giving respondent's sixth instruction; and cited *Lay* v. *Neville*, 25 Cal. 552; and *Burrows* v. *Stebbins*, 26 Vt. 663. That respondent's ninth instruction was erroneous; and cited *Damon* v. *Bryant*, 2 Pick. 412; and *Mamlock* v. *White*, 20 Cal. 599. That the Court erred in refusing appellant's first instruction; and cited *Burrows* v. *Stebbins*, 26 Vt. 659; *Wilson* v. *Hooper*, 12 Vt. 653; *Stephenson* v. *Clark*, 20 Vt. 624; *Pacheco* v. *Hunsaker*, 14 Cal. 121; *Chaffin* v. *Doub*, 14 Cal. 384; *Lay* v. *Neville*, 25 Cal. 549.

*J. G. Eastman*, and *J. O. Goodwin*, for Respondent, argued:

That the attachment under which respondent seized the demanded property was regular and sufficient, and no proof of indebtedness was necessary after proving said attachment proceedings; and cited *Walker* v. *Woods*, 15 Cal. 69.

They further argued that said sixth instruction is sus-

tained in *Engles* v. *Marshall*, 19 Cal. 320 ; *Cahoon* v. *Marshall*, 25 Cal. 197 ; *Godchaux* v. *Mulford*, 26 Cal. 316 ; *Woods* v. *Bugbey*, 29 Cal. 466 ; and *Randall* v. *Parker*, 3 Sanders, 73.

By the Court, SAWYER, J. :

Action to recover personal property. Defense that the chattels in question were the property of Crane & Co., and were seized as such by the defendant, as Sheriff of Yuba County, upon a writ of attachment at the suit of *Hutchings* v. *Crane & Co.* The plaintiff claimed by virtue of a prior sale from Crane & Co., and claimed to be in the actual possession at the time of the seizure by defendant. There is no pretense that there was any bad faith, or fraud in fact, in the transfer from Crane & Co. to plaintiff, but it is claimed that there was no actual and continued change of possession, and that the transfer was, therefore, void under the Statute of Frauds. Whether there was an actual and continued change of possession or not, was the principal question of fact to which the evidence was directed. The defendant introduced the complaint, summons, answer, affidavit and undertaking for attachment, and the writ of attachment, in the attachment suit, but introduced no judgment or other evidence of the existence of the debt, upon which the attachment issued. The plaintiff objected to their introduction on various grounds, as they were severally introduced, and all the objections were overruled and the evidence admitted. We think the objections all untenable. It will be seen, in another part of this opinion, that other evidence was necessary to make the record of the proceedings in the attachment suit available. Under the issues, the defense could not be made out without these proceedings. They were therefore admissible on that part of the issue, which they tended to prove, although there was a failure of proof on another branch of the issue. At the conclusion of the testimony the Court, at the request of the defendant, gave to the jury the following instruction, numbered ninth :

" The affidavit, attachment and undertaking in the case of *S. C. Hutchings* v. *H. C. Crane & Co.*, offered and admitted in evidence for the defendant, are sufficient evidence of the indebtedness of H. C. Crane & Co. to said Hutchings."

If it was necessary to prove the indebtedness, this proposition cannot be maintained. The plaintiff was a stranger to the proceedings. The fact that Hutchings claimed money to be due from Crane & Co. to himself, and commenced a suit, and even obtained an attachment, can be no evidence, as against a stranger, that there was, in fact, anything due. These proceedings are but acts of one party to the suit, and the ministerial act of the Clerk of the Court. The transfer of the property from Crane & Co. to the plaintiff was good against all the world except creditors, and even a creditor at large could not attack it. (*Noble* v. *Holmes*, 5 Hill, 194; *Thornburg* v. *Hand*, 7 Cal. 565.) *A fortiori*, one who is not a creditor cannot attack it. It would seem to follow necessarily, that a party seeking to attack it must show that he is in fact a creditor. And so the authorities hold. When the property is taken from the possession of the defendant, it seems to be sufficient to introduce the attachment, or execution. But when found in the possession of a stranger claiming title, it is necessary to show a judgment or prove the debt. It was so held in *Damon* v. *Bryant*, 2 Pick. 412. This was an action for trespass for taking goods " from the possession of a third party." The officer justified under a writ of attachment, but did not prove the debt. The judgment was reversed on this ground. The Court say, that " a judgment must be shown, when the officer justifies under an execution, or a debt, if under attachment." In *Thornburg* v. *Hand* it was insisted, that " it was *only* necessary to show the writ and prove the debt, thereby establishing the relation of creditor," thus conceding the necessity of proving the debt. (7 Cal. 561–65.) The same principle is recognized in *Mamlock* v. *White*, 20 Cal. 600. Mr. Justice Norton says: " Proof of the debt would not be necessary in order to jus-

tify the Sheriff in seizing the property, *if in the possession* of Ephraim, the attachment debtor, and was only necessary in this case in order to enable the defendant to place himself in a position to attack the sale to the plaintiff, as being void against creditors."

Upon the same point Mr. Justice Balcom, in *Rinchey* v. *Stryker*, 28 N. Y. 52, remarks: " Of course the creditor or officer must first prove the existence of the debt for which the attachment was issued, when the debt has not been established by a judgment against the debtor. When that is done, the judgment proves it." (See, also, *Janson* v. *Acker*, 23 Wend. 480.) It is true, that there is a remark in *Walker* v. *Woods*, 15 Cal. 69, leading to a contrary conclusion, but it was unnecessary to the decision. In that case there was a judgment and execution, and not merely a suit commenced; and we know of no principle upon which such a conclusion can be sustained. In this case, upon the state of the evidence, as to the possession, at the time of the seizure, we think the instruction erroneous. The attachment proceedings were admissible in evidence, however, so far as they went, because they were necessary under the issues formed; but it was necessary to introduce further evidence to prove the existence of the debt.

The sixth instruction given at defendant's request, when given as a distinct independent instruction to the jury, is rather broad and sweeping, and we think liable to create a false impression on the minds of the jury.

We are unable to perceive any substantial objection to the first instruction asked by the plaintiff and refused by the Court. It seems to us to present, in language not liable to be misapprehended, a correct legal proposition relevant to the case, and in view of some of the instructions given at the request of the defendant, highly proper to be given. We think the Court erred in refusing it. In consequence of the errors in giving the ninth instruction asked by defendant, and refusing the first asked by the plaintiff, we feel

compelled to reverse the judgment and order denying a new trial, and it is so ordered.