[No. 3,256.]

# Z. COTTLE *v.* A. LEITCH.

NOTICE OF MOTION FOR NEW TRIAL.—An order extending time to prepare and file motion for a new trial, extends the time to prepare and file notice of motion for a new trial.

EXTENDING TIME TO FILE STATEMENT.—An order extending the time in which to file a statement on motion for a new trial, thirty days beyond the time allowed by law, can only have the force of extending such time twenty days.

EXTENDING TIME TO GIVE NOTICE OF MOTION FOR NEW TRIAL.—If an order is made extending the time in which to give notice of a motion to move for a new trial, and the party gives such notice before the statutory time expires, he derives no benefit from the order.

NOTICE OF FILING FINDINGS.—If, after the findings of fact are filed, a notice of motion for a new trial is given, before the service of notice of filing such findings, notice of such filing is rendered unnecessary.

FILING AMENDMENTS TO STATEMENT.—Proposing amendments to a statement is not a waiver of the objection that the statement was not filed in time, if such objection is reserved, and no particular form of reserving the objection is required.

RESERVING OBJECTION TO STATEMENT.—If a statement is not filed in time, and the objection is reserved in filing amendments thereto, and the Court grants a new trial, it will be presumed that the Court overruled the objection, although the objection nowhere appears in the records except in the amendments.

APPEAL from the District Court of the Thirteenth Judicial District, County of Stanislaus.

There was a former appeal in this case, reported in 35 Cal. 434.

The facts are stated in the opinion.

*H. P. Barber*, for Appellant, cited *Le Roy* v. *Rassette*, 32 Cal. 171.

*John B. Hall*, for Respondent, cited *Calderwood* v. *Peyser*, 42 Cal. 111, and argued that as the record did not show an objection to the statement when the new trial was granted, that the appellant could not now urge it.

By the Court, WALLACE, C. J.:

The appeal here is taken from an order granting the motion of the defendant for a new trial.

The action was tried by the Court without the intervention of a jury. Findings were filed and judgment rendered for the plaintiff on the 25th day of January, 1869. On that day an order was entered which, so far as is material, is as follows:

" On motion of the defendant, it is ordered that all proceedings by the plaintiff on the decision and judgment this day rendered be stayed for thirty days, wherein the defendant may prepare papers on application for a new trial. The time given by statute for preparing and filing and serving on plaintiff's attorney exceptions to the findings herein is extended thirty days, and the defendant is allowed also like thirty days for preparing and filing motion for a new trial and a statement or affidavits, or both, therewith."

On the twenty-eighth of January the defendant filed and served his notice of intention to move for a new trial, and on the twenty-ninth of January the plaintiff served and filed notice of the filing of the findings. On the twenty-fifth of February the defendant filed the statement in support of the motion for a new trial, and on the sixth day of May following the plaintiff filed his proposed amendments to the statement " without waiving any right to move to deny said motion on the ground that defendant's statement was not filed in time;" and subsequently filed additional proposed amendments.

First—The order of January twenty-fifth extended the time of the defendant to give notice of intention to move for a new trial thirty days. (Practice Act, Sec. 530; *Harper v. Minor*, 27 Cal. 113.) He, however, derived no benefit

CAL. REPS. XLIII—41

from that extension, because he saw fit to give notice of his intention to move for a new trial on the twenty-eighth of January, which was before he had received notice of the filing of the findings and before even the ten days allowed him by the statute itself had commenced to run.

Second—Looking at the order as one extending the time allowed by statute to file the statement, the most favorable view that can be taken for the defendant is to hold it as an order extending the time twenty days—not thirty, as on its face it purports to do—for the statute forbids any extension greater than twenty (Sec. 195), and section five hundred and thirty has no applicability to the time for filing a statement on motion for a new trial. (*Harper* v. *Minor,* supra.)

Third—The defendant having, on January twenty-eighth, given notice of his intention to move for a new trial, the subsequent service upon him of the plaintiff's notice of the filing of the findings effected nothing and may be laid out of the case, for its effect could only have been to force the defendant to give the notice of intention to move for a new trial, and that notice he had, by his own election, given already.

Fourth—It resulted, therefore, that the defendant had five days by statute and twenty more by the order of the Court— in all twenty-five days—from January twenty-eighth, in which to file the statement; his time for that purpose expired on the twenty-second day of February, and the statement was filed only on the twenty-fifth day of that month.

Fifth—In the case of *Quivey* v. *Gambert,* 32 Cal. 309, this Court held that proposing amendments to a statement which had been filed too late would not be a waiver of objection upon that ground, if the objection be at the same time expressly reserved. The views upon this point expressed in that case have ever since been followed here, and the practice theretofore prevailing of moving to strike the statement from the files, because filed too late, has ever since been

repudiated. No particular form of reserving the objection, however, is prescribed; it is enough that it is pointed out as an objection upon which the party intends to rely in resisting the motion for a new trial. The phrase here employed— "without waiving any right to move to deny said motion on the ground that defendant's statement was not filed in time"—though somewhat inartificial in expression must be taken as substantially importing a reservation of the objection that the statement came too late, and the objection as thus pointed out on the record must be considered to have been overruled by the Court below in granting the motion for a new trial.

These views dispose of the case, and the order granting a new trial is reversed.