[No. 5121.]
## HORN v. CORVARUBIAS.

SHERIFF'S JUSTIFICATION UNDER ATTACHMENT.—A sheriff, who, by virtue of an attachment, seizes property in the possession of the judgment debtor, may justify by producing the writ; but if he seizes property in the possession of a third person, as the judgment debtor's, he must prove, when sued for damages, not only the attachment, but the proceedings on which it was based.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

On and prior to June 29, 1875, L. Raffour was the proprietor of and owned the furniture in the Occidental Hotel, at Santa Barbara. On the first day of June, 1874, he gave the plaintiff Horn a mortgage on the property to secure a debt of $2000, and, on the twenty-ninth of June, he gave the plaintiff a bill of sale of the property. Raffour was also indebted to William Ealand, who, on the twenty-ninth of September, 1875, procured a writ of attachment to issue

out of the District Court, which he placed in the hands of the defendant, who was sheriff, and who seized the furniture. Horn commenced this action to recover damages. In his complaint, he averred that he was in the possession of the property when seized, and the answer admitted the allegation. The answer justified under the writ, alleging that the property belonging to Raffour, and that the sale to Horn was fraudulent. On the trial, the plaintiff, after introducing evidence tending to show his title, rested. The defendant offered the writ of attachment in evidence. The plaintiff objected, because no foundation had been laid for it. The court ruled that the defendant must prove the existence of a debt, but need not prove that the writ was regularly issued. The plaintiff excepted. The defendant then offered evidence tending to show fraud in the sale, and rested. The jury found a verdict for the defendant, and judgment was entered in his favor. The plaintiff moved for a new trial, and appealed from an order denying the same.

*W. C. Stratton*, for the Appellant.

The defendant failed to prove legal authority for the issuing of the writ of attachment, no affidavit or bond having been given in evidence. (*Thornburg* v. *Hand*, 7 Cal. 554.) Nor did it appear on the face of the writ or in evidence that a summons had been issued before or was issued at the time of the issuance of the writ. An attachment may issue at the time of issuing the summons or any time afterwards. (Sec. 537, Code of Civil Procedure.) If issued before the issuance of summons it is void. (*Low* v. *Henry*, 9 Cal. 538.) He who justifies under a process must show affirmatively that it was regularly issued. (*Roberts* v. *Landecker*, 9 Cal. 262; Bump on Fraudulent Conveyances, sec. 455.)

*A. P. Evans*, for Respondent.

By the COURT:

The answer admits that the property was in the possession of the plaintiff when it was attached by the sheriff.

The complaint specifies a deficiency of the evidence to sustain the finding involved in the general verdict of the jury that the property was in the possession of the debtor.

An officer who seizes property in the hands of a debtor may justify under the writ of attachment simply; but if he takes it from the possession of a third person, he must prove not only the attachment, but also the proceedings on which it was based. (*Thornburg* v. *Hand*, 7 Cal. 554.)

Order reversed and cause remanded for a new trial.