[No. 6076.]

# JEROME L. BABE *v.* JOSEPH COYNE.

ATTACHMENT—JUSTIFICATION BY SHERIFF.—A Sheriff makes out a *prima facie* case of justification of the seizure of property under a writ of attachment, by the production of the writ and affidavit on which it was issued, notwithstanding the affidavit was originally insufficient, and was amended subsequent to the seizure, if the property was in possession of the defendant and attached as his property.

SAME—VALIDITY OF SALE.—The Sheriff is entitled to show such justification, irrespective of any question as to the validity of the sale to the plaintiff's lessor.

APPEAL from the District Court of the Eighteenth Judicial District, San Diego County.

The action was replevin, and the Sheriff justified under a writ of attachment, in the suit of *Patrick* v. *Horton.* At the trial, the defendant offered in evidence the papers in that suit. Judgment was rendered for the defendant, and the plaintiff appealed. The other facts are stated in the opinion.

*M. A. Luce* and *C. H. Robinson*, for Appellant.

*Chase & Leach*, for Respondent.

By the COURT:

When the record and proceedings in the case of *Patrick* v. *Horton*, including the papers in the attachment proceedings in that case, were offered in evidence, the plaintiff objected, on the ground, among others, that the affidavit on which the attachment was issued was insufficient; and that the amended affidavit, filed by leave of the Court, was filed after the levy of the attachment, and after the commencement of this action. The Court found, and for the purposes of this question it must be taken to be true, that the goods when attached were in the possession of Horton, and were attached as his property. In the proceedings in the action of *Patrick* v. *Horton*, the Court denied the motion of Horton to dissolve the attachment, and gave Patrick leave to file an amended affidavit for an attachment, as of the date of the original affidavit. These orders and affidavit were valid as against Horton, unless set aside in direct proceedings for that purpose. The property in controversy, when seized, being in Horton's possession, the Sheriff would make out a *prima facie* case of justification of the seizure of the property as the property of Horton by the production of the writ of attachment, and the proceedings and affidavit above mentioned. The Sheriff was entitled to show such justification, irrespective of any questions respecting the sale to the plaintiff's lessor, as being, for any reason, fraudulent or void.

Judgment affirmed.