[No. 7,074.—Department Two; and in Bank, on rehearing.]

## WADSWORTH HODGDON *v.* JANE GRIFFIN.

NOTICE OF INTENTION—NEW TRIAL.—A judgment was entered February 21st, 1872; and notice of motion for new trial was filed August 22nd, 1876, *Held*, that § 659 of the Code of Civil Procedure, as originally enacted, governed the case, and the notice was too late.

ID.—STATEMENT ON MOTION FOR NEW TRIAL—APPEAL.—The objection that a statement on motion for new trial was made too late, should be made in the Court below; and such objection comes too late when first raised on appeal.

APPEAL from an order granting a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

After the decision in Department, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*O'Brien & Hodgdon*, for Appellant.

*L. S. Taylor*, and *D. W. Welty*, for Respondent.

MYRICK, J. :

Plaintiff had judgment against defendants for restitution of the premises, February 21st, 1872. The settled statement on motion for a new trial contains the order of the Court for the judgment, in which it is recited, that " the parties appeared by their respective counsel," etc. Defendant Griffin gave notice of motion for a new trial August 22nd, 1876. The Court below granted the motion, and in doing so used the following language :

" When this judgment was rendered, the law allowed the defendant to move, after notice of judgment, for a new trial. Just about the time this judgment was rendered, the Legislature enacted the Codes, and in § 659, Code of Civil Procedure, gave the right to move for a new trial within thirty days *after* judgment, independent of notice. The Codes took effect January 1st, 1873, more than ten months after this judgment was rendered. All persons had notice that the Codes had been enacted, and had ample opportunity to assert any right in matters of mere practice or form of proceeding in the interim. The Code did not divest any party of any vested right; and even if it

should be held, that the right to move in the case at any time after notice was a vested right, which proposition is untenable, it would seem that the Legislature might substitute legislative notice of ten months in lieu of the thirty days' notice of an attorney, and it would seem to involve no element of hardship or oppression in this case, for defendant's attorney was in Court representing her when the judgment was entered, as shown by the statement prepared by that attorney and settled by Judge Wallace. The statement for the purpose of this motion is absolutely true. The affidavit of defendant's attorney might or might not be true, and when it contradicts the statement, which is the authentic history of the case, it must be disregarded.

"But I am informed by defendant's counsel, that, upon the argument of the former appeal, the oral expressions from the Bench clearly indicated that this motion comes in time; and therefore I feel constrained to yield my own views to superior authority, and to consider a motion which, in my own opinion, ought to be disregarded for laches.

"The record, upon which this motion is based, comes in a most awkward and unsatisfactory shape, and the merits of the case are pretty effectually hidden beneath an accumulation of negligence. The vague case made out, however, shows a probability that some neglect on the part of defendant's counsel, or some mistake on the part of some officer of the Court, resulted in the entry of an inequitable judgment; and I have therefore concluded to grant a new trial, upon condition that defendant pay all costs of the motion up to this time, and to release plaintiff from all claims for any costs heretofore incurred by him in the case, including the costs of the former appeal, by an instrument in writing, filed with the clerk of this Court, within ten days after the making of this order; and if such release be not so filed, the motion for a new trial will be denied, and it is so ordered."

The view taken by the Court below of the effect of the Code is correct, and the motion should have been denied. (*Kelly* v. *Larkin*, 47 Cal. 58.) The Court was not justified in acting upon the information of counsel as to oral expressions from the Bench. The decisions of this Court are to be found in its written opinions and records, and in its reports.

Order reversed.

THORNTON, J., and SHARPSTEIN, J., concurred.

The respondent filed a petition for rehearing in Bank, and thereupon the following order was made by the Court in Bank:

The COURT:

This case was heard before Department Two, and an opinion was filed December 20th, 1880, reversing the order of the Court below granting a new trial. It now comes before us, on petition that the cause be heard in Bank; and our attention is called to the fact that an important point was not passed upon by the Department; viz., that no objection was made in the Court below to the statement on motion for a new trial, and that it is too late to urge the objection on the appeal. It may be conceded that that proposition is correct. We have, however, examined the transcript in the case, and find nothing in it which justified the granting of a new trial. It does not contain the evidence, and shows no error in the District Court, which justified that Court in setting aside its judgment. The hearing in Bank is therefore denied, and the order appealed from will stand reversed.