## HOOK v. HALL.*

### No. 8507; April 1, 1885.

#### 6 Pac. 422.

**New Trial—Time for Filing Notice of Intention.—**In jury cases, notice of intention to move for a new trial must be filed and served on the adverse party within ten days after verdict, and the trial court or judge has no power to extend the time for filing such notice.[1]

**Appeal from Order Granting New Trial—What Considered on.—** The insufficiency of a complaint cannot be considered on an appeal from an order granting a new trial.

APPEAL from the Superior Court of Monterey County.

W. S. Dodge and H. V. Morehouse for appellant; J. Lee and A. S. Kittredge for respondent.

*For opinion in bank, see Hook v. Hall, 68 Cal. 22, 8 Pac. 596.

[1] Cited in Burton v. Todd, 68 Cal. 487, 9 Pac. 664, where it is explained that the court may, nevertheless, extend the time, not exceeding thirty days, provided the statutory ten days have not gone by when it does so.

By the COURT.—This is an appeal by plaintiff from an order granting a new trial. The action was tried by jury. Section 659 of the Code of Civil Procedure provides that the party intending to move for a new trial must, within ten days after verdict, file with the clerk, and serve upon the adverse party, a notice of such intention. In the case before us, the notice of intention was filed more than ten days after the verdict. It does not affirmatively appear that the court below attempted to extend the time for filing or serving the notice, and when he filed amendments to the proposed statement, on motion for new trial, the plaintiff reserved his objection that notice of intention was not filed within statutory time. But the right to move for a new trial is statutory, and there is no provision of the Code of Civil Procedure which gives to the superior court or to the judge power by order to extend the time for filing a notice of intention to move for a new trial. Section 1054 does not authorize such an order. With respect to ordinary notices the proof of the service is filed with the clerk for preservation, but with respect to notices of intention to move for new trial the statute specifically requires that they must be filed within the ten days, as a prerequisite to any further proceedings toward obtaining a retrial. The insufficiency of the complaint cannot be considered on appeal from an order granting a new trial.

Order reversed.