## GIRDNER v. BESWICK.*

## No. 9843; September 24, 1885.

### 8 Pac. 11.

New Trial—Waiver of Notice of Decision.—Where a losing party files and serves a notice of intention to move for a new trial, he is presumed to have waived notice of the decision.

New Trial—Time of Filing Notice.—A notice of intention to move for a new trial must be filed within the time limited by statute (Code Civ. Proc., sec. 659) or it will be unavailing.[1]

APPEAL from Superior Court, Siskiyou County.

Wm. I. Nichols and H. B. Warren for appellant; Wm. McConaughy and J. V. Brown for respondents.

FOOTE, C.—The plaintiffs recovered judgment in the court below for two thousand dollars damages for breach of contract. The defendant's counsel in their brief contend that proper notice of an appeal was given from the judgment of the court below, as well as from its order denying a new trial. We do not so understand that notice, and are of opinion that by no fair interpretation can it be held to include notice of appeal from anything except the order made by that tribunal overruling and denying the defendant's motion for a new trial; and the sole question now to be considered by this court is whether or not there exists any merit in the appeal from that order. There were two notices of intention to move for a new trial. The first one, in point of time, was duly and legally filed and served. From the filing and service of that notice the defendant is presumed to have waived that of the decision in the cause: Cottle v. Leitch, 43 Cal. 322. With the exception of the serving, settling, filing, and certifying of a statement, no further action on that motion for new trial was

---

*For subsequent opinion in bank, see Girdner v. Beswick, 69 Cal. 112, 10 Pac. 278.

1 Cited and followed in Burton v. Todd, 68 Cal. 487, 9 Pac. 664, where it is held, nevertheless, that the court may, on application, extend the time provided the order so extending is itself made before the expiration of the statutory time.

had in the court below. It would serve no useful purpose to declare what effect, even if it be considered as pending and undecided, the first has upon the second motion for a new trial, for the reason that the notice of intention for the latter was not filed until August 16, 1884—too late to meet the statutory requirement of section 659, Code of Civil Procedure, the decision in the cause having been made and filed on the 7th of March preceding: Hook v. Hall, ante, p. 459, 6 Pac. 422.

The order appealed from should be therefore affirmed.

We concur: Searls, C.; Belcher, C. C.

By the COURT.—For the reasons given in the foregoing opinion the order is affirmed.