[No. 9072. Department Two. — October 22, 1885.]

# J. B. BRICHMAN, RESPONDENT, v. W. G. ROSS, APPELLANT.

NEW TRIAL — NOTICE OF MOTION — COURT CANNOT EXTEND TIME FOR GIVING. — The right to move for a new trial is statutory, and neither the court nor a judge thereof has power to extend the time for giving notice of such motion.

ID. — OBJECTION TO NOTICE — WAIVER — APPEAL. — An objection that the notice was not given in time must be taken in the lower court, or it will be deemed to have been waived, and the time extended by consent of the parties. Such an objection cannot be raised for the first time in the Supreme Court.

ATTACHMENT — LEVY ON PERSONAL PROPERTY IN POSSESSION OF DEFENDANT IN THE WRIT — JUSTIFICATION BY OFFICER — REPLEVIN. — In an action by the owner to recover possession of personal property from an officer, who had levied upon it under an attachment against a third person in whose possession it was found, the writ of attachment is admissible in evidence as a *prima facie* justification of the act of the officer in making the levy, if the writ be regular upon its face, and issued by a court having jurisdiction of the subject-matter, and in a case where the law authorizes its issuance.

ID. — OWNERSHIP OF PROPERTY SEIZED — EVIDENCE. — On the trial of the action, the ownership of the property being in issue, the plaintiff, after testifying to his ownership, and that the defendant in the attachment suit was in possession under an unexecuted contract of sale, was asked on cross-examination to describe the property which he sold to such defendant. *Held*, that the question was proper.

ID. — JUDGMENT FOR PLAINTIFF — MUST BE IN ALTERNATIVE. — In such an action, the judgment, if in favor of the plaintiff, must be in the alternative form required by section 667 of the Code of Civil Procedure, although the property had been delivered to him.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion.

*P. J. Hazen,* and *J. C. Simmons,* for Appellant.

*C. C. Wright,* and *W. L. Dudley,* for Respondent.

SEARLS, C. — Action to recover personal property. Plaintiff had judgment, from which and from an order denying a new trial defendant appeals.

The verdict of the jury was rendered and judgment entered thereon December 7, 1882.

Notice of motion for a new trial was served and filed December 18, 1882, more than ten days after verdict and judgment, and respondent claims here for the first time, so far as is shown by the record, that the motion came too late, and that the validity of the proceedings, so far as involved in the motion for new trial, cannot be considered.

1. A party intending to move for a new trial must, within ten days after verdict, file with the clerk and serve upon the adverse party a notice of such intention. (Code Civ. Proc. § 659.)

2. The right to move for a new trial is statutory, and no power is given to the Superior Court, or a judge thereof, to extend the time for giving notice of such motion. Section 1054 of the Code of Civil Procedure does not authorize such order.

3. Objection, however, that a notice of motion for new trial is not given in time must be taken in the court below, or it will be deemed to have been waived, and the time extended by consent of parties, and such objection cannot be taken for the first time in this court. (*Patrick* v. *Morse,* 64 Cal. 462; *Gray* v. *Nunan,* 63 Cal. 220; *Hobbs* v. *Duff,* 43 Cal. 485; *Hodgdon* v. *Griffin,* 56 Cal. 610.)

It follows that the objection of respondent is untenable, because not taken in the court below.

It appears the action was brought to recover personal property, the furniture and fixtures in a restaurant, which according to the evidence, plaintiff had contracted to sell to one Flanders,

when the latter should pay the purchase price thereof, until which time plaintiff was to retain the title. Flanders paid a part of the purchase price, and was placed in possession of the furniture and engaged in the business of keeping a restaurant, using the furniture in question therein.

Defendant denies plaintiff's ownership of the goods and chattels, avers that plaintiff took possession of the property under proceedings in claim and delivery in this action, and still retains such possession, and for a further answer avers that he is a constable in and for Empire township, county of Stanislaus, and that as such, he levied upon and took possession of the goods in question, under and by virtue of a writ of attachment issued out of a Justice's Court, in an action in which one John Simon was plaintiff and E. Flanders was defendant.

That the property in dispute was owned by Flanders and was taken from his possession under said writ, which ran against his property, etc.

Defendant first offered in evidence the writ of attachment, which was objected to as insufficient to justify him as constable in seizing the property without proof of the regularity of the proceedings under which it issued. The objection was sustained by the court, whereupon the pleadings, summons, undertaking on attachment, and affidavit for attachment, as well as the writ, were offered in evidence.

Objection was made to the sufficiency of the affidavit for an attachment, which showed that defendant (Flanders) was indebted to him, the said plaintiff, in the sum of $141.14 on contract, but failed to show whether upon an *exprsss* or *implied* contract.

The objection was sustained and the papers excluded, and the rulings are assigned as error.

The first question presented is as to the sufficiency of a writ of attachment, regular upon its face, to justify the officer acting under it.

Ministerial officers are presumed to know the law, and are bound at their peril to know the general jurisdiction of the courts, whose process they are called upon to enforce, and if they execute process which the court has no jurisdiction to issue, they are liable. (Freeman on Executions, § 100.)

If, however, a writ is issued by the proper officer, in due form, in a case where he has jurisdiction and authority to exercise jurisdiction over the subject-matter of the writ, and there is nothing on the face of the writ showing it to be illegal, the officer to whom it is directed, and whose duty it is to execute it, may do so, and justify his acts thereunder by producing the writ, although from some cause not apparent on the face of the writ, the whole proceeding is irregular or void. (Freeman on Executions, § 101, and cases cited.)

The rule is the same in case of process issuing out of courts of limited jurisdiction. (*Savercoul* v. *Boughton,* 5 Wend. 170.) " A sheriff or other ministerial officer is justified in the execution of, and must execute all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued." (Pol. Code, § 4187.)

It is said by Drake in his work on Attachment, § 185 *a*:—

" When the officer attaches property found in the possession of the defendant, he can always justify the levy by the production of the attachment writ, if the same was issued by a court or officer having lawful authority to issue it, and be in legal form. But when the property is found in the possession of a stranger claiming title, the mere production of the writ will not justify its seizure thereunder; it rests upon the officer to go further and prove that the attachment defendant was indebted to the attachment plaintiff. If in the attachment suit, judgment was rendered in favor of the plaintiff, that will establish the indebtedness of the defendant; if not, the officer must otherwise prove the indebtedness, in order to justify his proceeding." (*Thornburg* v. *Hand,* 7 Cal. 554; *Damon* v. *Bryant,* 6 Pick. 411; *Rinchey* v. *Stryker,* 28 N. Y. 45; *Horn* v. *Corvarubias,* 51 Cal. 524; *Sexey* v. *Adkinson,* 34 Cal. 346.)

In the case last cited our Supreme Court held to the doctrine enunciated by Drake as above quoted, and in very nearly the language of that author.

In *Babe* v. *Coyne,* 53 Cal. 261, the writ under which a sheriff had made a levy, and the affidavit on which it was issued, were introduced in evidence, and this court held that it made out a *prima facie* case of justification of the seizure of the property,

notwithstanding the affidavit was originally insufficient, and was amended subsequent to the seizure. This was in a case where the property was in the possession of the defendant, and was attached as his property. Had the affidavit not been offered with the writ, the ruling would doubtless have been the same.

The reason for the distinction between cases where the writ is levied upon property in possession of the defendant in the writ, and where the property is found in possession of a stranger to the writ, is found in the fact, that the defendant may, if the attachment has been improvidently issued, move to have it quashed or have an action upon the undertaking, while a third party, a stranger to the writ and the record, could not be heard for such purpose; hence, the justice of requiring an officer who takes property, not from the defendant against whom the writ runs, but from the possession of a stranger, whom the law presumes to own it, to show not only his writ, but that it issued regularly, upon a valid demand against the defendant named in such writ.

It follows from these views, that as the property in dispute was found in the possession of Flanders, and was levied upon by the constable under a writ of attachment against him, regular upon its face, issued by a justice of the peace having jurisdiction of the subject-matter, and in a case where under the law he was authorized to issue the same, that the writ of attachment was admissible in evidence in justification of the act of the officer in making such levy, and to exclude it was error.

It must not be understood that we hold the writ as anything more than *prima facie* evidence of the right of the constable to make the levy and take possession of the property. If it in fact belonged to plaintiff, he was entitled to recover upon proving the property to be his.

It follows that if the writ of attachment was admissible in evidence when offered by itself, it was equally admissible when offered with the summons, affidavit, etc., in connection with it.

At the trial plaintiff was sworn as a witness in his own behalf, and gave evidence tending to show that in March, 1882, he was the owner of the property in question, and entered into a contract with Flanders to sell to him the property for $1,000, plaintiff to retain the title until the property was paid for—

that Flanders paid or secured $300 of the purchase money. Plaintiff then rented to Flanders a restaurant in which the property was used, and gave possession of the personal property to Flanders, who was to pay rent, interest on the purchase money due, and to have the personal property when he paid for it.

On cross-examination the witness was asked the following question by counsel for defendant: —

"Describe the property which you sold to Mr. Flanders?"

Counsel for plaintiff objected to the question upon the ground that it was immaterial and irrelevant. The objection was sustained by the court, and the ruling is assigned as error.

Plaintiff's ownership of the property was denied by the answer, and having testified to such ownership and as to a contract of sale to Flanders, under which the latter was placed in possession, it was proper, on cross-examination, to inquire as to the precise property included in the transaction, defendant had a right to show by the witness, if he could, that the alleged contract of sale was in fact a sale *in presenti*, or that the contract did not include all the goods levied upon, etc.

We think the court erred in sustaining the objection to the question.

We find no error in the other points made by defendant, upon the refusal of the court to permit the witness to answer questions propounded.

Judgment was rendered in favor of the plaintiff for the possession of the property described in the complaint, and for costs, but did not provide for a recovery of its value as provided by section 667 of the Code of Civil Procedure.

The property had already been delivered to plaintiff.

Under these circumstances, respondent claims that no injury was done to appellant by a failure to provide in the judgment for a recovery of the value of the property, and his contention seems plausible.

But in *Berson* v. *Nunan*, 63 Cal. 550, it was held that in actions to recover personal property, the judgment must be in the alternative form, required by section 667 of the Code of Civil Procedure.

We are of opinion the judgment of the court below and the order denying a new trial should be reversed and a new trial had.

Belcher, C. C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded for a new trial.