| 68 | 485 |
| 89 | 612 |
| 68 | 485 |
| 116 | 138 |

[No. 11222.    Department Two. — January 29, 1886.]

## J. BEN BURTON, APPELLANT,. v. JOHN TODD, RE-SPONDENT.

PRACTICE — SERVICE AND FILING OF NOTICE — EXTENSION OF TIME. —Under section 1054 of the Code of Civil Procedure, the power given to the Superior Courts and the judges thereof to extend the time for the service of notices other than notices of appeal includes the power to extend the time for filing such notices.

ID. — NEW TRIAL — RIGHT TO MOVE FOR IS STATUTORY. —The right to move for a new trial is statutory, and must be pursued in the manner pointed out by the statute.

ID. — NOTICE OF MOTION — EXTENSION OF TIME FOR GIVING. — Before the expiration of the ten days provided by section 659 of the Code of Civil Procedure, within which to move for a new trial, the Superior Court or a judge thereof may for good cause extend the time, not exceeding thirty days, within which to serve and file a notice of the motion. But such an extension cannot be made after the time fixed by the statute has expired.

APPEAL from an order of the Superior Court of Santa Barbara County refusing to settle a statement on a motion for a new trial.

The facts are stated in the opinion of the court.

*A. Packard*, and *R. B. Canfield*, for Appellant.

*Charles Fernald*, for Respondent.

SEARLS, C.—This is an appeal from an order of the Superior Court made after final judgment, dismissing and refusing to settle a statement on motion for a new trial.

The facts essential to an understanding of the question involved are as follows:—

Judgment was rendered in favor of defendant February 5, 1885.

Notice in writing of the filing of the findings and rendition of judgment was duly served upon plaintiff's attorney February 9, 1885.

On the thirteenth day of February, 1885, the judge of the Superior Court, by an order made *ex parte*, without notice to or consent of attorney for defendant, extended the time for twenty days to file and serve notice of motion for a new trial, or to prepare and serve a bill of exceptions, as plaintiff might elect.

On the fourth day of March, 1885, plaintiff's attorney served and filed a notice of motion for a new trial.

This notice, as will be seen, was not served and filed within ten days after service of notice of filing of findings and entry of judgment, but was served and filed before the expiration of the time as extended by the judge.

Upon the service of a statement upon him on motion for new trial, counsel for defendant served formal objections to the motion as not being in time, and subject to such objections served amendments to plaintiff's statement, and thereafter the matter coming on before the court the application to settle statement was dismissed, because the notice of motion was not made in time.

The question presented relates to the power of the judge of the court below to extend the time for service and filing of a notice of motion for new trial.

Section 659 of the Code of Civil Procedure provides that: "The party intending to move for a new trial must within ten days after the verdict of jury if the action was tried by a jury, or after notice of the decision of the court . . . . if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his intention," etc.

Section 1054 of the same code, as amended in 1880, provides that "when an act to be done, as provided in this code, relates to the pleadings in the action, . . . . or to the service of notice other than of appeal, the time allowed by this code may be extended upon good cause shown by the court in which the action is pending, or a judge thereof; but such extension shall not exceed thirty days without the consent of the adverse party."

The order of the judge extending the time to file and serve notice of motion recites that it was granted upon "good cause shown," and the motion to strike out the statement is based, not upon any defect in this order, but upon the fact that the notice of motion was not filed and served within ten days after notice of the decision.

We are therefore called upon to decide whether section 1054 of the Code of Civil Procedure authorizes the Superior Court, or a judge thereof, to extend the time for *filing and service* of a notice of motion for a new trial.

In *Hook* v. *Hall*, 6 W. C. R. 134, it was said: "But the right to move for a new trial is statutory, and there is no provision of the Code of Civil Procedure which gives to the Superior Court or to the judges power by order to extend the time for *filing* a notice of intention to move for a new trial. Section 1054 does not authorize such an order," etc.

*Gerdner* v. *Beswick*, 7 W. C. R. 511, and *Brichman* v. *Ross*, 67 Cal. 601, followed *Hook* v. *Hall*, and enunciated the same doctrine.

In *Brichman* v. *Ross*, however, it appearing that no objection had been made in the court below, it was held to have been waived.

A hearing in Bank was granted in *Hook* v. *Hall*, and the cause was finally decided without passing upon the very point under consideration here.

A hearing in Bank has also been ordered in *Gerdner* v. *Beswick*. Under these circumstances, we feel at liberty, notwithstanding the case of *Brichman* v. *Ross*, to treat the question in the light of former decisions, or as an original proposition, for the reason that *Brichman* v. *Ross*, having been decided upon the authority of *Hook* v. *Hall*, should not be sustained after the latter is set aside, except upon principle.

Viewed in this light, did the legislature, by section 1054 of the Code of Civil Procedure, intend that the extension of time to *serve* a notice of motion for a new trial therein provided for should also extend to the *filing* of such notice?

In *Cottle* v. *Leitch*, 43 Cal. 320, it was said that an order extending the time "for preparing and filing motion for a new trial" extended the time of the defendant to give notice of the intention to move for such new trial.

We suppose the court proceeded upon the theory that an extension of time to *move* carried with it an extension of time to do those things *essential to the motion.*

We know that, as a matter of convenience, it has been the usual practice in this state to first serve and then file papers required to be served and filed, in order that the evidence of service may accompany the paper when filed, and, except as otherwise expressly provided, the practice is to be commended.

In view of the exposition in *Cottle* v. *Leitch, supra,* and of the practice of the profession, with both of which we may presume the legislature was familiar, we think it but reasonable to suppose that when power was given to the Superior Courts and the judges thereof to extend the time for service of notices other than of appeal, it was intended also to include an extension of the time for filing such notices.

Section 1054 is quite general in its scope, extends to a great variety of proceedings, and covers notices for varied and diverse objects, which are required to be filed, and in some of which, at least, there can be no propriety whatever in filing before service; yet if the court or judges cannot extend the time for filing, this must in all instances of extension be done before the service.

To illustrate: the court is by this section given the power to extend the time to plead, to amend pleadings, to prepare bills of exceptions, etc. Now, if the time for filing an answer cannot be extended, it would in most cases be futile to extend the time for its preparation and service.

In the construction of a statute, the *intention* of the legislature is to be pursued if possible. (Code Civil Proc., sec. 1859.)

We think when the legislature gave to the courts and judges the authority to extend, within certain limits, the time within which notices were to be served and other acts were to be performed, the object was to give parties additional time within which to *prepare* such notices, and to do every act naturally following and dependent thereon and essentially connected therewith. Time may be essential for deliberation and consultation, before determining upon the propriety of a motion for a new trial, and we think this was the paramount reason for lodging in the courts and judges power to extend the time. These reasons are of constant recurrence, while the necessity for an extension to enable a party to procure service of the notice will but rarely present itself.

We conclude, therefore,—

1. That as the right to move for a new trial is statutory, it must be pursued in the manner pointed out by the statute.

2. That after the time fixed by statute has expired, the courts have no jurisdiction to extend or revive such right.

3. That before the expiration of the ten days given by statute within which to move for a new trial, a Superior Court or judge thereof may, for good cause, extend the time, not exceeding thirty days, within which to *serve and file* a notice of motion for new trial.

It follows from this view that *Brichman* v. *Ross, supra,* so far as in conflict with this opinion, is not a correct exposition of the law, and should be overruled.

The order from which this appeal is taken was doubtless made upon the authority of *Hook* v. *Hall,* and was eminently proper under that case.

It should, however, for the reasons herein given, be reversed, and the court below directed to settle the statement on motion for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is reversed, with directions to the court below to settle the statement on motion for a new trial.