M. J. JONES, RESPONDENT, *v.* WILLIAM McQUEEN, APPELLANT.

REPLEVIN—WRONGFUL ATTACHMENT—JUSTIFICATION BY SHERIFF— PLEADING—EVIDENCE—VERDICT.

1. M., who was a sheriff, under a writ of attachment, levied upon, seized, and afterwards, under execution, sold personal property which was in the possession of J., a stranger to the attachment proceedings. J. brought replevin to recover possession of the property, or the value thereof. In his answer M. averred that he levied upon and seized the property under and by virtue of a writ of attachment, but failed to aver and prove that the attachment proceedings under which the writ was issued conformed to the statute in relation to attachments. *Held*, that J. was entitled to recover.

2. In replevin, the rule that where a party to an action relies upon fraud he must prove it, does not always apply. Where the plaintiff alleges ownership generally and right of possession, without disclosing the origin of title or stating facts showing it, the defendant may traverse the allegations of the complaint, and under the issue thus formed may prove that the plaintiff's title was founded in fraud, and introduce any evidence which tends to show that the plaintiff had neither title in the property nor right of possession thereof.

3. It is necessary, in setting up an answer in justification of the act of the officer in seizing, under writ of attachment, property in the hands of and claimed by a third person, that the indebtedness, the writ of attachment, and the proceedings on which it was based, should be averred. The proceedings are *ex parte*, and no intendment in favor of their regularity can be indulged in.

4. A technical defect in a verdict must be objected to at the time of its rendition, to be available on appeal.

(No. 617. Decided March 27, 1896. 45 P. R. 202.)

Appeal from the district court of the Third judicial district, Territory of Utah. Hon. S. A. Merritt, *Judge.*

Action of replevin brought by plaintiff against defendant, as sheriff, for the possession of property or for damages. From a judgment in favor of the plaintiff, defendant appeals. *Affirmed.*

*Jones & Schroeder,* for appellant.

Proof of fraud in plaintiff's title would certainly tend to destroy his right of possession as against one claiming under a writ of attachment against his grantor. Any proof tending to do that is admissible in evidence, under a denial of plaintiff's right of possession. *Schulenburg* v. *Harriman,* 88 U. S. 44; Book 22, Co-Op. Ed. 554.

"Proof that the defendant was at the commencement of the action entitled to the possession of the goods, was also proof that the plaintiff was not. Proof that the defendant legally and rightfully held the goods in his possession, also established that he did not unlawfully detain them from the plaintiff. Proof that the attachment plaintiff was a creditor of the * * * assignor, * * * and that as against himself the plaintiff obtained no valid title to the goods by reason of fraud in the sale was directly responsive to the issue." *Bailey* v. *Swain,* 16 N. E. 370; 45 Ohio St. 657; *Merrill* v. *Wedgwood,* 41 N. W. 150; 25 Neb. 283; *Swope* v. *Paul,* 31 N. E. 42 (Ind.).

2. Plaintiff alleges that he has been damaged by reason of the defendant's taking of the goods in question.

Defendant denies this allegation. If plaintiff obtained title to the property through fraud and without consideration, proof of that fact would certainly tend to mitigate the damages claimed, and is therefore admissible in evidence. *Graham* v. *Warner's Ex'rs,* 28 Am. Dec. 65-67-68; 3 Dana (Ky.) 146.

3. Plaintiff alleges and the defendant denies the former's ownership of the property. Proof of fraud in plaintiff's title is proper rebuttal of plaintiff's evidence of ownership, especially where the defendant claims under a writ of attachment against plaintiff's fraudulent grantor. Proof of fraud is therefore admissible under the denial of plaintiff's ownership. *Eureka, etc.* v. *Bresnahan,* 33 N. W. 834, 66 Mich. 489; *Merrill* v. *Wedgwood,* 41 N. W. 150, 25 Neb. 283; *Sparrow* v. *Rhoades,* 18 Pac. 245, 76 Cal. 208; *Mathews* v. *Hutchinson,* 25 Wis. 36.

4. Plaintiff alleges and the defendant denies that the latter *wrongfully* took the property in controversy from the former.

Proof of fraud in plaintiff's title, when coupled with the defendant's claim to the right of possession under a writ of attachment against the original owner, certainly tends to prove that the defendant's taking was not wrongful, and is therefore admissible in evidence under a denial of the wrongful taking. *Graham* v. *Warner's Ex'rs,* 28 Am. Dec. 65-67-68, 3 Dana 146.

*Rawlins & Critchlow,* for respondent.

COUNSEL FOR THE DEFENDANT COMPLAIN:

That the court below sustained objections to certain questions propounded by them and excluded evidence which they insist tended to prove fraud in the assignment for the benefit of creditors. This ruling by the court was right, 1st, for the reason, that no such issue was raised by any of the answers filed by the defendant; and, 2d, for the reason that the evidence offered did not connect the assignee or the creditors with the fraud complained of.

The first answer of the defendant, filed June 26, 1893,

denied that the plaintiff was the owner of the property in question and further denied that the defendant wrongfully took possession of the same from the plaintiff. The latter denial was merely of a legal conclusion and therefore the answer admitted that the defendant took the property from the possession of the plaintiff. No justification of any kind for this taking was set up in this answer.

The next answer of the defendant, filed June 28, 1893, contained no denials, but simply alleged that the defendant was the sheriff; that in an action between the National Wall Paper Company and the Utah Paint and Oil Company an attachment was issued under which the defendant took possession of the property in question and that at the time of the taking the property belonged to the Utah Paint and Oil Company and not to the plaintiff. This latter answer purports to be an original answer and would therefore operate as a waiver of the former answer. It will be perceived that under this answer defendant admitted that he took the possession of the property from the plaintiff, that it is not alleged that the plaintiff in the attachment suit was a creditor of the defendant in that suit, the assignor of plaintiff, or, that any affidavit or bond was filed so as to warrant the issuing of an attachment.

The rule is well established that where an officer takes the property from the possession of a third person, not the debtor in the attachment suit, he must be prepared to justify the proceeding affirmatively by allegation and proof. The burden is upon him and he is presumed to have knowledge of the grounds upon which he assails that possession. *Snell* v. *Crow,* 3 Utah 28; *Thornburg* v. *Hand,* 7 Cal. 554; *Horn* v. *Corvarubias,* 51 Cal. 524; *Brichman* v. *Ross,* 67 Cal. 601-604; *Dawson* v. *Briant,* 3 Pick. 411; *Miller*

v. *Banister*, 109 Mass. 289; *Rinchy* v. *Striker*, 28 N. Y. 45-52; Drake on Attachment, sec. 185*a*.

This author states the rule as follows: "When the officer attaches property found in the possession of the defendant, he can always justify the levy by the production of the attachment writ, if the same was issued by a court or officer having lawful authority to issue it, and be in legal form. But when the property is found in the possession of a stranger claiming title, the mere production of the writ will not justify its seizure thereunder; it rests upon the officer to go further and prove that the attachment defendant was indebted to the attachment plaintiff. If in the attachment suit judgment was rendered in favor of the plaintiff, that will establish the indebtedness of the defendant; if not, the officer must otherwise prove the indebtedness in order to justify his proceeding."

Counsel for defendant cite authorities to the effect that in replevin where the title of the plaintiff is put in issue, evidence is admissible to show title in a third person. But this question is not involved in this case. By the evidence which counsel offered it was sought to avoid a transfer of property which could only be assailed for fraud by a creditor of the assignor. As to all persons except a creditor it was conceded that plaintiff held the title. To avoid the transfer of title otherwise good for fraud is not the same, in the sense of the authorities cited upon the other side, as showing title in a third person.

An assignment for the benefit of creditors cannot be avoided for fraud with which the assignee and the creditors are in anywise connected. To lay the foundation for the admission of evidence of the fraud it must be specially set forth in the answer. *Seelman* v. *Hoagland*, 34 Pac. (Cal.) 995; *Albertoh* v. *Branham*, 22 Pac. (Cal.) 404;

*Gleason* v. *Wilson*, 29 Pac. (Cal.) 698; *Pettit* v. *Parsons*, 9 Utah 223.

If fraud has been committed by the assignor to the detriment of creditors, the assignee for their benefit, could sue and obtain the necessary relief. *Emerson* v. *Center*, 118 U. S.; *Estes* v. *Gunter*, 122 U. S. 454; *Peters* v. *Bain*, 133 U. S. 690; *Huntly* v. *Kingham*, 152 U. S. 527.

The cases cited by counsel from California and elsewhere which might seem to lay down a different rule in regard to pleading will be found, almost without exception, to have been cases in which the officer took the property from the possession of the defendant in the attachment suit.

BARTCH, J.:

The defendant in this case, as sheriff of Salt Lake county, under a writ of attachment, levied upon, seized, and afterwards, under execution, sold certain personal property. The plaintiff, claiming to be the owner thereof, and that he was wrongfully deprived of its possession, brought this suit in replevin to recover its possession, or the value thereof. The jury found that he was the owner and entitled to the possession, and the value of the property, with accrued interest, to be $3,252.72. After judgment was entered in accordance with the verdict, and a motion for a new trial overruled, the defendant prosecuted his appeal to this court. The main question to be determined is whether, under the pleadings, as shown by the record, the court erred in its ruling on the admission of evidence relating to the subject of fraud. It appears that the property in question originally belonged to the Utah Paint & Oil Company, and that it was by that company transferred and delivered to the plaintiff, by deed of assignment for the benefit of its creditors, and was so in his possession, by virtue of said deed, at the time of

the levy and seizure by the defendant. It further appears from the record that the writ of attachment in question was issued in a case in which the National Wall Paper Company was plaintiff, and the Utah Paint & Oil Company defendant, to recover a certain sum alleged to be due the National Wall Paper Company, and that the assignee of the defendant company, the plaintiff in the case at bar, was not a party to that suit. Under these circumstances the defendant, at the trial of this cause, offered evidence tending to show that at the time of making the assignment in question the Utah Paint & Oil Company had disposed of the property, to one Martha Ann Coombs, by chattel mortgage, and therefore had no interest therein; that the said mortgage was fraudulent and void as to creditors; and that the assignment was fraudulent, and made to defraud creditors. All of this evidence, under the objection of counsel for the plaintiff that the same was immaterial under the issues raised by the pleadings, was ruled out. The defendant then, to justify the levy and sale, offered the writs of attachment and execution, and the officer's return thereto, which were admitted, but no other evidence of the attachment proceedings was offered. Numerous offers were made to prove that the assignment under which the plaintiff proved title was fraudulent, all of which were rejected by the court.

Counsel for the appellant, while admitting that no fraud is alleged in the answer, insists that the court erred in excluding the proof offered, because the plaintiff alleged ownership generally, without disclosing any particular source of title, and the defendant, in his answer, denied specifically all the allegations of the complaint. This contention seems to be supported by the weight of authority, and might avail the appellant, if his answer were otherwise sufficient. As a general rule, where a party to an action relies upon fraud he must plead it. In

replevin, however, the law seems to be settled, in most jurisdictions, that where the plaintiff alleges ownership generally, and right of possession, without disclosing origin of title, or stating facts showing it, the defendant may traverse the allegations of the complaint, and, under the issue thus formed, may prove that the plaintiff's title was founded in fraud, and introduce any evidence which tends to show that the plaintiff had neither title in the property, nor right of possession thereof. This rule is doubtless based on the fact that in replevin the plaintiff is not bound to disclose any source of title, and therefore the defendant is not bound to anticipate the source of title under which the plaintiff may claim. Cobbey, Repl. § 752; Abb. Tr. Brief Pl. §§ 942, 958; *Stephens* v. *Hallstead,* 58 Cal. 193; *Bailey* v. *Swain,* 45 Ohio St. 657, 16 N. E. 370; *Schulenberg* v. *Harriman,* 21 Wall. 44; *Steel Works* v. *Bresnahan,* 66 Mich. 489, 33 N. W. 834; *Merrill* v. *Wedgwood,* 25 Neb. 283, 41 N. W. 149; *Swope* v. *Paul* (Ind. App.), 31 N. E. 42; *Graham* v. *Warner's Ex'rs,* 3 Dana 146; *Mather* v. *Hutchinson,* 25 Wis. 27; *Mullen* v. *Noonan* (Minn.), 47 N. W. 164; *Delaney* v. *Canning,* 52 Wis. 266, 8 N. W. 897. The rule above stated, however, under the circumstances of this case, cannot aid the appellant, because his plea is otherwise fatally defective. He averred that he levied upon and seized the property under and by virtue of a writ of attachment, as sheriff of Salt Lake county, but utterly failed to plead the necessary facts in justification, although attachment, is a statutory remedy, wherein the regularity of the proceedings will not be presumed. Nor did he even offer proof to establish such facts. The property was not found in the possession of the defendant in the attachment proceedings, but in the hands of a third person, who claimed ownership thereof; and in such case, to justify the levy and seizure, the officer must not only produce the writ, but must also aver and prove a valid

claim against the defendant in the attachment suit, and that the attachment proceedings conformed to the statute. This court so held in *Snell* v. *Crowe*, 3 Utah 26, 5 Pac. 522. That was an action similar to this, and Mr. Justice Emerson, delivering the opinion of the court, said: "An officer who seizes property in the hands of the debtor may justify under the execution or process, but when he takes property from a third person who claims to be the owner thereof, if on execution, he must show the judgment and execution; if on attachment, an indebtedness, the writ of attachment, and the proceedings on which it was based." The necessity for such averments in cases like the one at bar becomes more apparent when it is considered that in attachment 'the writ is issued, on the application of the plaintiff *ex parte*, by the clerk of the court, who performs a mere ministerial act, and the proceedings being of statutory origin, and unknown to the common law, no intendment in favor of their regularity can be indulged in. The statute requires, among other things, that before the writ can be issued a suit must be instituted, an affidavit filed, and an undertaking on the part of the plaintiff required; and it being, at best, a harsh remedy, those who avail themselves of it must be held to a strict compliance with the law. Therefore when an officer seeks to justify under the writ he is presumed to have knowledge of the grounds upon which the proceedings were based, and on which he assails the possession. The preliminary requisites to a valid writ in attachment are the existence of a debt for which suit has been commenced, the filing of the affidavit, and undertaking, all of which being jurisdictional requirements. Comp. Laws Utah, 1888, § 3308 *et seq*. None of these can be disregarded in the answer, in a case like this, any more than can the writ or subsequent proceedings, including the execution and return, in the event of sale.

There is a distinction between the class of cases where the property is found in the possession of the defendant in the attachment proceedings, and those where it is found in the possession of a stranger to the writ.   In the former class if the writ was issued by a court or officer having lawful authority to issue it, and is in legal form, the officer may justify the levy by producing the writ but in the latter class the officer, to justify, must not only produce the writ, but must also show that it was regularly issued as provided by law.   The reason for this distinction is found in the fact that when an attachment is improvidently issued the defendant has his remedy by motion to quash, or by suit on the undertaking, but a stranger to the writ and proceedings can be heard for neither of such purposes; hence, in his case, justice requires that the officer should know that the writ was regularly issued, and if he enforce an invalid writ, issued by a court or officer without jurisdiction, he does so at his peril.   We think the rule is well settled that where an officer seizes property which is, under claim of ownership, in the possession of a stranger to the attachment proceedings, on which the writ was issued, he must, when sued in replevin, assume the burden of showing by affirmative averment and proof that such proceedings were regular, as required by the statute.   Drake, Attachm. § 185a; *Thornburg* v. *Hand*, 7 Cal. 554, 566; *Van Ettan* v. *Hurst*, 6 Hill 311; *Horn* v. *Corvarubias*, 51 Cal. 524; *Mathews* v. *Densmore*, 43 Mich. 461, 5 N. W. 669; *Noble* v. *Holmes*, 5 Hill 194; *Brichman* v. *Ross*, 67 Cal. 601, 8 Pac. 316; *Miller* v. *Bannister*, 109 Mass. 289; *Sexey* v. *Adkinson*, 34 Cal. 346.   The defendant having assailed the possession of a stranger to the writ, and havng failed to allege and prove that the attachment proceedings on which the writ was issued were regular, as provided by law, the evidence offered respecting the chattel mortgage,

and that tending to show fraud in the assignment, was wholly immaterial, and the court rightfully excluded it. Even if, as matter of fact, the assignment under which the assignee claimed title were fraudulent, and made to hinder and delay creditors of the assignor, still the defendant could not levy upon and disturb the possession of the plaintiff, who was not a party to the attachment suit, under a void writ. And this upon the principle that, as between two parties, neither of whom has title or right of possession to property, the one who has the property in custody has the better right, and cannot be deprived of the possession by a mere wrongdoer.

Counsel for the appellant also insist that the court erred in excluding at the trial a proposed amendment to the answer, in which fraud was alleged. An examination of the proposed amendment shows that it failed to supply any averment in justification, and therefore the court's refusal to permit it was proper.

Counsel further maintain that the verdict was defective because it did not find separately the value of each article of the property seized. It is shown by the evidence that the defendant had disposed of all the property. He was therefore liable for all of it, and no injury could result to him because of the failure to find the value of each article. Even if there was a technical defect in the verdict, the defendant, not having objected to it at the time when it was received, cannot now be heard to complain because of such defect.

The objection that the verdict was not rendered by a unanimous jury presents no open question in this court.

Other questions have been raised, and, while they have not escaped our attention, still we do not deem them of sufficient importance to require separate discussion. We perceive no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.