CHARLES N. NELSON and others, Executors, *vs.* ADOLPH MUNCH and others.

November 25, 1876.

**Attachment—Affidavit not Inconsistent.**—An affidavit for an attachment, stating that defendant has assigned and disposed of his property, with intent to delay and defraud his creditors, and that he is about to assign and dispose of his property, with like intent, is not necessarily objectionable for inconsistency.

**Same—Motion to Dissolve—Verified Answer used as Affidavit.**—Upon a motion to dissolve an attachment a defendant may properly use his verified answer as an affidavit, so far as its contents are pertinent.

**Same—Rebutting Affidavits of Defendant.**—In the exercise of sound discretion it is competent for the court, upon the hearing of such motion, to permit the defendant to read affidavits rebutting the affidavits of the plaintiff read upon such hearing.

Appeal by plaintiffs from an order of the district court for

Ramsey county, *Wilkin*, J., presiding, dissolving an attachment of the property of defendant Adolph Munch.

*E. C. Palmer*, for appellants.

*Morris Lamprey*, for respondents.

BERRY, J.   This is an appeal from an order dissolving an attachment.

1. The writ was issued upon an affidavit stating that defendant Adolph Munch has assigned and disposed of his property with intent to delay and defraud his creditors, and that he is about to assign and dispose of his property with like intent.   These statements are not, as claimed by respondents, necessarily objectionable for inconsistency, since it may be true, at any given time, that a person has assigned and disposed of some part of his property with the intent mentioned, and that he is about to assign and dispose of another part with like intent.   The case differs from *Hinds* v. *Fagebank*, 9 Minn. 68, because there the property which the defendant was charged with having disposed of, and being about to dispose of, consisted, as the court says, of " a single item only."

2. Upon a motion to dissolve an attachment a defendant may properly use his verified answer as an affidavit, so far as its contents are pertinent.

In the exercise of sound discretion it is competent for the court, upon the hearing of such motion, to permit the defendant to read affidavits rebutting the affidavits of the plaintiff read upon such hearing.

In the case at bar there is no reason to suppose that the court below abused its discretion in receiving the affidavits offered in rebuttal.

3. As respects the merits of the order appealed from, after a careful consideration of the affidavits on both sides and of the positions taken by counsel, we are of opinion that the court below was justified in dissolving the attachment.

Order affirmed.