# Smith *v.* Baker.

### *Attachment.*

1. *Sufficiency of affidavit.*—In an affidavit for an attachment, while it is not permissible to state two or more grounds in the alternative, or disjunctively, two or more grounds may be stated cumulatively, or conjunctively, when they are not inconsistent with each other.

2. *Same.*—That the defendant in attachment is about to dispose of his property fraudulently, that he has fraudulently disposed of a part of his property, and that he has money, property, and effects, liable to satisfy his debts, which he fraudulently withholds, are not inconsistent grounds for suing out the writ, and may be stated conjunctively in the affidavit.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This action was brought by D. H. Baker against A. W. Smith, and was commenced by attachment, sued out on the 14th January, 1886. The affidavit stated, as grounds for suing out the writ, "that the said A. W. Smith is about fraudulently to dispose of his property, and has fraudulently disposed of a part of his property, and has money, property and effects, liable to satisfy his debts, which he fraudulently withholds." The defendant craved oyer of the affidavit, and pleaded in abatement of the attachment, on the ground that it

[Smith v. Baker.]

was self-repugnant and contradictory, and because it stated several distinct grounds for suing out an attachment. The court sustained a demurrer to this plea, and its judgment on the demurrer is now assigned as error.

BROTHERS & WILLETT, for the appellant.

PARSONS, PEARCE & KELLY, contra.

CLOPTON, J.—In *Johnson v. Hale*, 3 Stew. & Por. 331, it was held, that an affidavit for an attachment is fatally defective, when it states disjunctively two or more grounds. In none of the subsequent cases, has there been any departure from this ruling.— *Watson v. Auerbach*, 57 Ala. 353 ; *Cannon v. Logan*, 5 Por. 77. In the case last cited, COLLIER, J., says : "The affidavit and writ should disclose but one of the grounds on which the remedy is authorized, or it can not be sustained." The expression is broad enough to include any affidavit containing more than one ground, whether stated disjunctively or conjunctively. It must, however, be considered as referable to, and explained by the character of the affidavit under consideration, or be regarded as *dictum*. We have no decision in respect to the sufficiency of an affidavit, disclosing two or more statutory grounds, stated conjunctively.

The present affidavit alleges three distinct causes, stated cumulatively each being in substantial compliance with the statute: 1st. That defendant is about fraudulently to dispose of his property ; 2d. That he has fraudulently disposed of a part of his property ; 3d. That he has money, property, and effects, liable to satisfy his debts, which he fraudulently withholds. In Drake on Attachment, § 101, the author observes.: "Usually the plaintiff may allege as many distinct and separate grounds of attachment, within the terms of the law, as he may deem expedient. In doing so, the several grounds should be stated cumulatively." The rule is subject to the qualification, that the alleged grounds are consistent with each other, and that uncertainty in the affidavit shall not occur.—*McCollum v. White*, 23 Ind. 43 ; *Keith v. Stetter*, 25 Kan. 100 ; *Klink v. Evans, Gardner & Co.*, 36 Ga. 89 ; *Rosenbaum v. Fifield*, 12 Bradwell, 302. In *Pearce v. Hawkins*, 62 Tex. 434, the principle is thus stated : "That two or more grounds for attachment are set forth in an affidavit is unimportant, unless from the manner of statement the real ground is rendered uncertain, either by the manner in which the several grounds are connected, or by the statement of two or more grounds, which are within themselves inconsistent." While the practice is objectionable as unnecessary, we discover no valid reason,

[Smith v. Baker.]

why, if two or more consistent grounds exist, the affidavit may not disclose them ; or why the averment of two or more statutory causes should vitiate an attachment, which either of them stated singly is sufficient to sustain.   When distinct grounds are stated in the alternative, the real ground is uncertain, as it does not clearly appear which is true; but when coupled conjunctively both are verified.   The officer, before issuing the attachment, must require an affidavit, that one of the enumerated causes exist.—Code, § 3255.   The statement of one is essential; but there is no express or implied prohibition, that more than one shall be stated, if the debtor by his conduct has created two or more.

It is urged, that if the plaintiff is permitted to state two grounds, he may allege all the statutory grounds; and that the defendant, when he sues on the bond, will be required to negative and prove the falsity of each cause alleged.   We do not see the force of the objection.   Under our practice, such burden and inconvenience would not be prevented by restricting the affidavit to a disclosure of only one ground.   The defendant is prohibited to deny or put in issue in the attachment suit the cause for which the attachment issued ; and if wrongfully sued out, he must resort to a suit on the bond.—Code, § 3317. It is true, that the plaintiff in the suit on the bond is required to negative only the ground stated in the affidavit, and give, in the first instance, some evidence of its falsity ; but it is a full defense to the action, if any one of the several and distinct statutory causes exist, though only one be stated in the affidavit, and that be disproved, and though some may be inconsistent with the one stated.   In such suit, the plaintiff must be prepared to disprove such cause, as the defendant may seek to establish.—*Lockhart v. Woods*, 38 Ala. 631.

In Texas one of the statutory causes is, when the defendant " has disposed of his property in *whole* or in *part* with intent to defraud his creditors."   In *Pearce v. Hawkins, supra*, one of the grounds stated in the affidavit is, that the defendants " had disposed of their property with intent to defraud their creditors."   This was held to be inconsistent with the other ground stated, that they had secreted their property.   The court must have construed both statements as referring to their entire property.   Under our statute—the language of which is—" when the defendant is about fraudulently to dispose of his property," it is not requisite to a sufficient cause for attachment, that the debtor should be about fraudulently to dispose, or have fraudulently disposed of the whole of his property. An affidavit using the words of the statute is not so construed. A fraudulent disposition of a part may consist with being about fraudulently to dispose of the remainder, or a part thereof, and

each is consistent with the statement, that the defendant has money, property, or effects, liable to satisfy his debts, which he fraudulently withholds.—*Nelson v. Muncle,* 23 Minn. 229. The repugnancy between the grounds stated must be such, that they can not co-exist, and it must appear upon the face of the affidavit, either expressly or by necessary implication. As the cause for attachment is complete, whether the fraudulent disposition be of the whole or a part of the debtor's property, the general terms of the statute being intended to apply to either case, a construction of the affidavit as necessarily meaning the whole, thus rendering the different grounds inconsistent, would be a disregard of the statutory requirement, that the attachment law must be liberally construed to advance its manifest intent.

The other objection does not seem to be urged. If it were, and it were conceded, that the claim for attorney's fees is for damages for a breach of a contract not certain or liquidated, the entire attachment would not be vitiated, being sued out for the collection of a *debt,* the amount of which is definitely stated.

Affirmed.