GODBE–PITTS DRUG COMPANY, APPELLANT, *v.* JOEL
F. ALLEN, RESPONDENT.

ATTACHMENT.—MOTION TO DISCHARGE.—BURDEN OF PROOF.—In
proceedings to discharge an attachment, it is first incumbent
upon the defendant to negative the cause assigned for suing
out the writ, and after this the burden is upon the plaintiff
in attachment to show cause why the attachment should not
be discharged, and he must establish such facts as justify the
issuing of the writ.

ID.—ID.—FRAUD.—Where a debtor has, in good faith, mortgaged
his property in an amount not excessive, in order to secure an
accommodation indorser upon the debtor's note, and no appear-
ance of fraud is proven, there is no fraudulent disposition of
property proven.

APPEAL from an order discharging an attachment of the
district court of the third district. The opinion states the
facts.

*Mr. Charles Q. Whitlemore,* for the appellant.

*Mr. Jabez G. Sutherland,* for the respondent.

MINER, J.:

Plaintiff commenced suit by attachment against the
defendant, September 22, 1891, for the purpose of secur-
ing payment of the sum of $322, alleging as the ground
therefor "that the defendant is about to assign and dis-
pose of his property with intent to defraud his creditors,
and that said defendant has already assigned and disposed
of a portion of his property with intent to defraud his
creditors." The writ was issued, and on October 2, 1891,
the marshal attached property of defendant. On September

30, 1891, the defendant filed his motion to dissolve the attachment and discharge the levy on the ground that the writ was improperly and irregularly issued, and that no cause whatever existed for the issuing of the same. This motion was based upon the affidavit of the defendant and Boyd Park, fully denying all the alleged grounds for the attachment. It also appears that prior to the attachment the defendant had borrowed $9,665 from William F. Jones, giving his note therefor; that Boyd Park indorsed said note as an accommodation maker, for which defendant had agreed to secure him; and that to carry out this agreement defendant had executed to Boyd Park a mortgage upon his stock in trade for that amount, for no other purpose than to secure the payment of an honest indebtedness; that a considerable sum was due on the note, and no part of it had been paid when the mortgage was given to secure it,  It also appears that there was a clause in the mortgage authorizing the mortgagee or his assigns to take possession of the mortgaged property on default of any payment, and proceed to foreclose the same by suit or by sheriff's seizure and sale. The sheriff was also authorized, on request of the mortgagee, to take possession and sell the property to satisfy the note and costs. After the delivery of said mortgage to Park the store of the defendant was closed, and the property placed in the hands of the sheriff, as trustee, to sell and dispose of it as provided in the mortgage. On October 5, 1891, the property was sold to Boyd Park to satisfy his claim. The attachment was levied on property not covered by the mortgage. After this levy, Park and Joslin obtained judgment against defendant, and levied upon the same property previously attached by plaintiff. On the 9th of October the motion was heard and granted. The plaintiff now appeals from the order discharging the attachment.

So far as we can discover, there is no proof in the case that supports the allegation that the defendant was about

to dispose of his property with intent to defraud his creditors at the time the affidavit was made, or that such disposition had been made. It appears that the defendant was obligated to secure Mr. Park against loss by reason of his having become an accommodation maker of a note which was partly due, and that in order to do so the mortgage was executed. It nowhere appears that the security was excessive, or that any fraudulent act was committed or contemplated by the defendant at the time the writ was issued. The defendant was justified in keeping his promise, and executing his mortgage to Boyd Park as security against loss on the note he had made with the defendant. The obligation secured being an honest one, and the transaction in no way tainted with fraud, would not, of itself, be sufficient ground for the attachment. A debtor may secure a *bona fide* creditor by mortgage upon his property without being guilty of such fraud as will justify an attachment. The court will not presume fraud exists when none is shown. In proceedings to discharge an attachment, it is first incumbent upon the defendant to negative the cause assigned for suing out the writ, and, after this, the burden is on the plaintiff in attachment to show cause why the attachment should not be discharged, and he must establish the existence of such facts as justified the issuing of the writ. *Macomber* v. *Beam,* 22 Mich. 395; *Genesee County Sav. Bank* v. *Michigan Barge Co.,* 52 Mich. 164, 438, 17 N. W. Rep. 790, and 18 N. W. Rep. 206. No sufficient cause being shown, the order discharging the attachment is affirmed, with costs.

ANDERSON, J., and BLACKBURN, J., concurred.