SALMON *v.* MILLS *et al.*

(*Circuit Court of Appeals, Eighth Circuit.* February 1, 1892.)

1. ATTACHMENT—MOTION TO VACATE—WAIVER.
     Under Mansf. Dig. Ark. §§ 381, 383, (in force in the Indian Territory,) a motion to vacate an attachment is not waived by filing affidavits controverting the facts stated in the affidavit of attachment, and the motion may be heard and disposed of after the questions raised by the affidavits have been decided by the verdict of a jury, and such verdict has been set aside by the court on motion for a new trial.

2. SAME—DISCLAIMER OF PROPERTY.
     Under the provisions of Mansf. Dig. Ark., a defendant in attachment may move to vacate the attachment though he disclaims any interest in the property.

3. SAME—AFFIDAVIT—AMENDMENT.
     Mansf. Dig. Ark. § 315, declares that affidavits may be amended so as to embrace any grounds of attachment that may exist up to the time of the first judgment on the same. Section 5082 provides that pleadings may be made definite and certain by amendment, and section 381 declares that the affidavit of attachment and the affidavit controverting the same shall be considered as the pleadings on the issue as to the attachment. *Held* that, under these provisions, an affidavit which is uncertain because the disjunctive is used between the statement of separate grounds may be amended on motion made immediately after it is held insufficient by the court.

4. SAME—DISCRETION OF COURT.
     An issue on attachment was tried by a jury, and found for the plaintiff. The court granted a new trial, and afterwards, on motion to vacate the attachment, held the affidavit insufficient, whereupon plaintiff moved to amend it. *Held,* that the court could not refuse the amendment on the ground that from its recollection of the evidence on the jury trial the amendment would not be in furtherance of justice.

In Error to United States Court for Indian Territory. Reversed.

*George E. Nelson,* for plaintiff in error.

*Nelson Case* and *W. B. Glasse,* for defendants in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge. On the 2d day of May, 1889, the plaintiff in error filed in the United States court for the Indian Territory a complaint at law, wherein he sought judgment against Abraham and Jackson Mills for the sum of $9,983, claimed to be due on two promissory notes, and in aid of such action he sued out a writ of attachment against the property of the defendants above named. The grounds alleged for the issuance of the attachment were set forth in the affidavit accompanying the complaint in the following form:

"That said Abraham Mills and Jackson Mills are about to remove, and have removed, their property, or a material part thereof, out of the Indian Territory, not leaving enough therein to satisfy plaintiff's claim or the claim of said defendants' creditors; *second,* have sold, conveyed, and otherwise disposed of their property, and suffered and permitted it to be sold, with the fraudulent intent to cheat, hinder, or delay their creditors; or, *third,* are about to sell and convey or otherwise dispose of their property with such intent."

The writ was issued and served by levying upon certain cattle and horses; and thereupon one C. M. Condon, claiming to be the owner of the property levied on, save one horse, obtained leave to interplead in

the cause and assert his right to the attached property. On the 3d day of June, 1889, the defendants filed a motion to vacate and discharge the order for the attachment and all proceedings had thereunder on the grounds that the affidavit filed for the attachment was insufficient, the bond filed was illegal, and the grounds set forth in the affidavit for the attachment were not true in point of fact. Subsequently the defendants filed answers to the attachment proceedings, in which they traversed the several grounds set forth in the affidavit already quoted, and claimed damages for the injury alleged to have been caused them by reason of the wrongful issuance of the writ. On the 24th day of May, 1890, judgment was entered in favor of the plaintiff for the sum shown to be due on the note sued on, and against the defendants, but expressly reserving for future determination all questions arising on the attachment proceedings and the interplea filed by C. M. Condon. In December, 1890, a trial was had before the court and jury upon the issues arising upon the answer to the attachment proceedings and upon the interplea, and on the 15th of December, 1890, the jury returned a verdict in favor of the plaintiff, Salmon, on all the issues thus submitted. On the 22d of December, 1890, the court, on motion, set aside this verdict, and granted a new trial to the defendants and the interpleader. On the 4th day of June, 1891, the defendants called up their motion to vacate the attachment, and upon the hearing thereof the court sustained the same, the plaintiff duly excepting thereto, and thereupon the plaintiff asked leave to amend the affidavit for attachment by substituting the word "and" for "or" between the second and third grounds of attachment as set forth in the affidavit hereinbefore quoted; but the court refused leave so to do, holding that the affidavit for attachment was not amendable, and that, even if it was permissible to amend same, the court found, from the evidence adduced on the former trial, that to allow the amendment would not be in furtherance of justice, to which ruling the plaintiff excepted, and thereupon the court vacated the attachment and the levy made thereunder. To reverse this ruling and order the plaintiff sued out a writ of error from this court.

The first point made on behalf of the plaintiff in error is that the defendants, by filing affidavits controverting the truth of the allegations of fact contained in the affidavit for the attachment, and going to trial on the issues thus presented, waived their right to be heard on the motion to discharge the writ previously filed. The act of congress of May 2, 1890, put in force in the Indian Territory certain portions of the statutes of Arkansas, including the chapter regulating the issuance of writs of attachment, and the modes of vacating such writs when issued, and of controverting the truth of the facts averred as grounds for the issuance thereof. Section 383, c. 9, of Mansfield's Digest of the Statutes of Arkansas, provides—

"That, at any time before the attachment is sustained, the defendant, upon reasonable notice to the plaintiff or his attorney, may move the court to discharge the attachment, the hearing of which may be postponed by the court, upon sufficient cause, from time to time; and on the hearing, if the court is

of the opinion that the attachment was obtained without sufficient cause, or that the grounds of the attachment, being controverted, are not sustained, the attachment shall be discharged."

Section 381 provides that—

"The defendant may file his affidavit denying all the material statements of the affidavit on which the attachment is issued, and thereupon the attachment shall be considered as controverted, and the affidavits of the plaintiff and defendant shall be regarded as the pleadings in the attachment, and shall have no other effect."

Therefore, to make an issue upon the truth of the facts alleged in the affidavit for the attachment, it is necessary to file an affidavit denying the same, and if, upon the hearing of the issue thus made, it is decided that the attachment is not sustained, then the court can grant the motion to vacate the attachment. Reading these two sections together, it is entirely clear that the defendant may file a motion to vacate, and also may take issue upon the facts, by controverting the affidavit upon which the writ issued, and the court may postpone action on the motion until the issue of fact is determined, and then decide the motion in light of the result reached upon that issue. There was, therefore, no error in the action of the court in postponing consideration of the motion until the trial of the issue of fact, and the filing of the affidavits by defendants controverting that of plaintiff did not waive the motion.

The second point submitted by plaintiff in error is that the defendants had not the right to move for the vacation of the writ of attachment, because they disclaimed any interest in the property upon which the writ was levied. If the motion was merely to discharge the levy of the writ, this objection might have weight, but, under the provisions of the statute in force in the Indian Territory, it is clear that a defendant in an attachment proceeding may move for the vacation of the writ, and may controvert the grounds upon which the attachment was sued out, regardless of the fact whether the writ has or has not been levied upon his property. Counsel for plaintiff in error cite several cases decided by the supreme court of Michigan in support of the position above stated, but these decisions are based upon the provisions of the statute of that state, which limit the right to move for the dissolution of the writ to cases wherein a writ of attachment has been issued and served, whereas the statute of Arkansas, in force in the Indian Territory, contains no such limitation, but, on the contrary, expressly provides that at any time before the attachment is sustained the defendant may move for its discharge, and we cannot read into the statute a limitation not therein expressed or fairly inferable from the language used. See *Doggett* v. *Bell*, 32 Kan. 298, 4 Pac. Rep. 292; *Boot & Shoe Co.* v. *Derse*, 41 Kan. 150, 21 Pac. Rep. 167; *Claussen* v. *Easterling*, 19 S. C. 515; *Bank* v. *Randall*, 38 Minn. 382, 37 N. W. Rep. 799; *Keith* v. *Armstrong*, 65 Wis. 225, 26 N. W. Rep. 445.

This brings us to the consideration of the action of the court in holding that the statements in the affidavit for the attachment were insufficient to sustain the writ, and in refusing leave to complainant to amend

the affidavit. As we gather the facts from the record, the court below held the affidavit bad because the disjunctive "or" was used between the second and third grounds for the attachment set forth in the affidavit, and, though not expressed, is implied between the first and second, thus making the affidavit indefinite and uncertain in that, in effect, it charged the defendants with one of three acts without specifying which one was, in fact, relied upon as ground for the issuance of the attachment. It is not necessary to determine whether such construction of the affidavit was correct or not, because we are clearly of the opinion that the court below erred in refusing leave to amend the affidavit so as to render it free from all ambiguity. The record shows that when the court announced its construction of the affidavit, and held it to be insufficient, counsel for plaintiff in error asked leave to amend the same, but the court held that the affidavit was not amendable. Section 315 of Mansfield's Digest of the Laws of Arkansas, being part of the chapter regulating the subject of attachments, declares that "the affidavit or grounds of attachment may be amended so as to embrace any grounds of attachment that may exist up to and until the first judgment upon the same." Section 5082 of the same digest provides that "when the allegations of a pleading are so indefinite and uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment;" and, as already stated, by section 381 it is declared that the affidavit for the attachment, and that filed by a defendant controverting the same, shall be deemed to be the pleadings of the parties on the issue upon the attachment, so that it is entirely clear that the statute conferred upon the court full and ample authority to permit the amendment of the affidavit in the particulars wherein the court deemed it to be uncertain and insufficient. That this is the correct construction of the statute is put beyond question by the rulings of the supreme court of Arkansas in the following cases: *Rogers* v. *Cooper*, 33 Ark. 406; *Sherrill* v. *Bench*, 37 Ark. 560; *Nolen* v. *Royston*, 36 Ark. 561; *Sannoner* v. *Jacobson*, 47 Ark. 32, 14 S. W. Rep. 458.

It is, however, claimed by the defendants in error that the court below also ruled that, if the power to permit an amendment of the affidavit existed, leave would be refused, because the court, having heard the evidence adduced on the trial of the issue of fact before the jury, found therefrom that the allowance of the amendment would not be in furtherance of justice, and therefore refused it. It will be recalled that it appears from the record that the issue made upon the truth of the allegations contained in the affidavit for the attachment was tried before a jury, and resulted in a verdict sustaining the truth thereof, or, in other words, in favor of the plaintiff. This verdict was returned December 15, 1890, and was set aside by the court, thereby granting a new trial on this issue. The hearing upon the motion to discharge the writ was had June 3, 1891, and no evidence was then introduced on the issue of fact, but the matter came up for hearing upon the face of the papers. The plaintiff was clearly entitled to a trial in the usual form upon this issue of fact, which had once been decided in his favor, and it was clearly

erroneous to hold that the plaintiff ought not to be allowed to amend the affidavit, because, if that was put into proper and sufficient form, the court, from its recollection of the evidence adduced on the trial before the jury, was of the opinion that the plaintiff would be beaten on the issue of fact. Such a mode of disposing of the case effectually cut off the plaintiff from adducing any additional evidence he might have at hand on the issue of fact, and debarred him from saving any exceptions he might have to the rulings of the court; or, to state the case shortly, it gave judgment against the plaintiff without a hearing, and without the opportunity to preserve his right to be heard before the appellate court.

For the reasons assigned, the order and judgment appealed from are reversed, and the cause is remanded, with instructions to permit the plaintiff to amend the attachment proceedings by amending the affidavit within the limit allowed by the statute, and by substituting a sufficient bond if objection is made on that ground; the plaintiff to recover the costs of this writ of error.