<hr/>

### SALMON v. MILLS et al.

(Circuit Court of Appeals, Eighth Circuit. May 20, 1895.)

#### No. 545.

ATTACHMENT—SUFFICIENCY OF AFFIDAVIT.

In a statute which makes it ground for attachment that defendant has disposed of his property with the intent to cheat, hinder, and delay his creditors, or is about to do so with the same intent (Mansf. Dig. Ark. c. 9, § 309, subds. 6–8), the word "property" does not mean all the debtor's property, and hence there is no inconsistency in alleging in the affidavit for attachment that defendants have disposed of their property, and that they are about to dispose of the same.

In Error to the United States Court in the Indian Territory.

This was a suit by G. Y. Salmon against Abram Mills and Jackson Mills to recover judgment on two promissory notes. An attachment was levied upon certain property, and thereupon one C. M. Condon obtained leave to intervene. asserting that he was the owner of the attached property. The issue on the attachment was tried by jury, and found for the plaintiff. The court granted a new trial, and afterwards, on motion to vacate the attachment, held that the affidavit upon which the attachment was issued was insufficient. Plaintiff then moved to amend the same, which motion was denied. He thereupon brought the case on error to this court, which on February 1, 1892, reversed the judgment, with instructions to permit the plaintiff to amend the affidavit. 1 C. C. A. 278, 49 Fed. 333. The amendments were accordingly made, whereupon, on motion of defendant, the second and third grounds of attachment alleged therein were stricken out, and plaintiff was compelled to proceed to trial upon a single ground of attachment. This ground was not sustained by the evidence, and the attachment was accordingly dissolved. Plaintiff again brought the case on error to this court. Defendants heretofore moved to dismiss the writ of error on the ground that the judgment below was not a final judgment, but the motion was denied. 13 C. C. A. 372, 66 Fed. 32. The case has now been heard on the merits.

George E. Nelson filed brief for plaintiff in error.

Nelson Case (W. B. Glasse, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This case was before this court at a former term, and is reported in 4 U. S. App. 101, 1 C. C. A. 278, 49 Fed. 333. Before the case was retried, G. Y. Salmon, the plaintiff in error, who was also the plaintiff in the trial court, filed an amended affidavit for an attachment, alleging therein the following grounds, to wit:

"First, that the above-named defendants are about to remove and have removed their property, or a material part thereof, out of the Indian Territory, not leaving enough therein to satisfy the plaintiff's claim or the claim of defendants' creditors; second, that they have sold, conveyed, and otherwise disposed of their property, and suffered and permitted it to be sold, with the fraudulent intent to cheat, hinder, and delay their creditors; third, and that they are about to sell, convey, and otherwise dispose of their property with such intent."

These are declared to be grounds of attachment by the Arkansas statute concerning attachments, which has been extended over and is in force in the Indian Territory. Mansf. Dig. Ark. c. 9, § 309, subds. 6–8.

The defendants moved to strike out the second and third grounds of attachment above stated because they were inconsistent and rendered the affidavit uncertain and misleading, which motion was sustained by the trial court. The plaintiff was thereupon compelled to proceed to trial on an affidavit which alleged but a single ground of attachment. The single ground of attachment not having been sustained by the evidence, the attachment was dissolved, and the case has been brought to this court on a writ of error. An exception was duly taken to the action of the trial court in sustaining the motion to strike out the second and third grounds of attachment, and its action in that behalf is the only error which we feel called upon to notice.

Counsel have attempted to sustain the action of the trial court by the contention that the word "property," as used in the affidavit and in subdivisions 7 and 8 of the Arkansas statute, supra, must be taken to mean all of the defendants' property, and that an affidavit which first alleges that a defendant has sold and conveyed his property with intent to cheat, hinder, and delay his creditors, and in the next sentence alleges that he is about to sell and convey his property with such intent, is necessarily inconsistent and self-destructive. . The error in the argument consists in the assumption that the word "property," as used in the statute, means all of the debtor's property. If that is the correct construction of the statute, then it follows that an attaching creditor seeking to maintain an attachment on the ground that the debtor has sold and conveyed his property with intent to cheat, hinder, and delay his creditors must fail unless he shows a fraudulent sale or conveyance by the debtor of all his property. This is not a correct interpretation of the statute. A creditor is entitled to a writ of attachment if he succeeds in showing that the debtor has disposed of a portion of his property with the fraudulent intent of cheating his creditors. It was so held in Nelson v. Munch, 23 Minn. 229, and such is undoubtedly the general understanding of the profession in all of those states where a fraudulent sale or conveyance of property is

,made a ground of attachment. Smith v. Baker, 80 Ala. 318; Drake, Attachm. (7th Ed.) §§ 101, 102, and cases there cited. A construction of the statute which would require an attaching creditor, in order to sustain an attachment, to prove a fraudulent sale or conveyance by the debtor of all his property, would render that clause of the statute concerning attachments of little practical value. It must be held, therefore, that the second and third grounds of attachment stated in the affidavit were neither inconsistent, uncertain, nor misleading. It may have been true that the defendants had sold and conveyed a portion of their property with intent to cheat, hinder, and delay their creditors, and that they were about to sell another portion of their property with the same intent. The plaintiff was entitled to an opportunity to prove either or both of these facts, to sustain the writ, and proof of either fact would have sufficed to sustain it. While it is to be regretted that a case of such long standing as the one at bar must be reversed the second time for the reasons above indicated, yet the error is of such nature that it cannot be disregarded.

The judgment of the lower court is reversed, and the cause is remanded to the United States court in the Indian Territory, with directions to vacate so much of its order made on January 31, 1894, as sustained the motion to strike out the second and third grounds of attachment contained in the affidavit for attachment on that day filed. And inasmuch as the record discloses that the original affidavit for attachment has been many times amended, and that numerous motions have already been made by the defendants either to strike out portions of the affidavit or to dissolve the attachment, it is further ordered that the retrial of the case be had on the last-amended affidavit for an attachment, which appears to have been filed on January 31, 1894, and that the plaintiff be allowed an opportunity to establish, if he can, either one or all the three grounds of attachment therein alleged.