DESERET NATIONAL BANK OF SALT LAKE CITY (A CORPORATION), RESPONDENT, *v.* LITTLE, ROUNDY & COMPANY ET AL., APPELLANTS.

ATTACHMENT—AFFIDAVIT—DISSOLUTION—EVIDENCE—FRAUD.

1. An affidavit, in a suit in which an attachment is brought, which states "that the said defendant, L., R. & Co., hás assigned and disposed of, and is about to assign and dispose of, its property, with intent to defraud its creditors," complies substantially with the provisions of section 3308, subd. 3, Comp. Laws 1888. The fact that the cause for the attachment is alleged conjunctively does not render it liable to the charge of inconsistency.

2. In proceedings to discharge an attachment, when the fraudulent intent set up in the affidavit on which the writ was based is denied by affidavit on the part of the defense, and it is also denied that any creditor was defrauded, the burden is upon the plaintiff in attachment to show, not only the

existence of such facts as justified the issuing of the writ, but also that the charge, as to the fraudulent acts and purposes was true.

3. Where the proof offered to sustain the attachment is contained in an affidavit which is so vague and indefinite that it seems impossible to conclude therefrom that the defendant made, or was about to make, a fraudulent disposition of his property, and there is no extrinsic evidence in aid of the affidavit, the motion to discharge will be sustained.

4. Fraud will not be presumed. The general rule is that he who relies upon it as a cause of action must aver and prove it.

(No. 663. Decided April 2, 1896. 44 P. R. 930.)

Appeal from the district court of the Third judicial district, Territory of Utah. Hon. S. A. Merritt, *Judge.*

Action by the Deseret National Bank against Little, Roundy & Co on certain promissory notes. At the time of entering complaint an attachment issued, and from an order refusing to dissolve the attachment, defendant appeals.

The affidavit set up the statutory ground for attachment by the statement that defendant "has assigned and disposed of, and is about to assign and dispose of, its property with intent to defraud its creditors."

The fraudulent intent was denied by an affidavit of defendant. Thereupon, without adducing further evidence, the following affidavit of H. S. Young, cashier of the plaintiff bank, was offered:

That affiant, on information and belief, alleges that said defendant, Little, Roundy & Co., by and through its president, Adelbert Roundy, one of the defendants herein, at the time said Little, Roundy & Co. borrowed the four thousand dollars of James T. Little, which is one of the preferred debts of said Little, Roundy & Co. in their pretended assignment, and thereafter promised and agreed

that in case said Little would loan the money to Little, Roundy & Co. that in the event of its being unable to pay it, that the said Little, Roundy & Co. would make an assignment for the benefit of its creditors, and in said assignment would prefer said James T. Little to the amount of his said debt.

Affiant further states that after said arrangement was made the notes of this plaintiff had then long been owing, become due, and the same were renewed and continued at the request of said defendant, Little, Roundy & Co., represented by its president, said Adelbert Roundy, without any knowledge of this promise and secret agreement between said Roundy and said James T. Little.

That the plaintiff would have made no such extension or renewal of said debt had it known of such secret arrangement, but it would have insisted upon payment of the amount due it at that time, which was over twenty thousand dollars; and affiant further says, on information and belief, that had plaintiff insisted upon payment of its debt at that period of time all or most of the same could have been realized.

Affiant further says, on information and belief, that the preference made in favor of the Utah Commercial and Savings Bank is fraudulent and void, for the reason that said debt was an original debt owed by said Little, Roundy & Co., and the rest and residue of said defendants in this case were also indorsers and co-makers of said note or notes that then represented the same.

That afterwards the said note or notes held by said bank against Little, Roundy & Co., were partially paid and renewed, and on such renewals the name of A. Roundy, Juliette L. Roundy, Claire L. Clawson and H. B. Clawson, Jr., were omitted from said notes, and though they were and had been and still are liable for said debt, as affiant is informed and believes, and that said debt is

one óf the preferred claims of debts made by said defendant, Little, Roundy & Co., in fraud of the rights of plaintiff in said action. Reference is made to the complaint of plaintiff herein for the facts and data of the loan from plaintiff to said defendant, Little, Roundy & Co.

HYRUM S. YOUNG.

*Jones & Schroeder,* for appellant.

As to the question that the attachment was irregularly and improperly issued, we call the attention of the court to Drake on Attachments, Sec. 101, page 97, where the author says: "Thus, where the statute, in enumerating the grounds of attachments, set forth as the ninth, that defendant has disposed in whole or in part of his property, with intent to defraud, etc., and as the tenth, that he is about to dispose of his property with intent, etc., the affidavit which alleged both was held defective for uncertainty, and the attachment was quashed." In support of this he cites: 59 Texas 281; 72 Texas 214; 74 Texas 586.

In the two latter cases it is held by the court that the law relative to attachments, and the statutes authorizing them, must be strictly complied with. In our own statute, p. 267, subdivision 3, section 410, reads as follows: "Has assigned, disposed of or concealed; or is about to assign, dispose of or conceal any of his property with intent to defraud his creditors." In the affidavit for an attachment in this case the plaintiff alleges, "that the defendants have assigned and disposed of and are about to assign and dispose of their property, with intent to defraud their creditors." (Abst. p. 11.) They use the conjunctive instead of the disjunctive, and it would seem to require no argument to the point, that if they have already disposed of their property the further allegation that they are about to assign and dispose of it is incon-

sistent; for a man is never about to do the thing which he has already done.

*LeGrand Young* and *Oscar W. Moyle,* for respondent.

If the secret agreement did not injure any one, then no one would be in a position to complain; if secret agreement had been known, respondents could have and would have collected their debt. The affidavit admits this. And if it had not been for the secret agreement there is every reason to suppose there would not have been in the deed of assignment the preferences complained of, as it is reasonable to infer from the facts admitted, that the preferred note of $2,750 to the Utah Commercial and Savings Bank referred to hereafter would not have been renewed by A. Roundy, the president and manager, of appellant, if it was not with a fraudulent intention of reaping benefit to Mr. Roundy and the other indorsers on the notes, hoping that by leaving their names off of the note, no one would know of their liability and that it could legally be preferred.

The same principle is involved where secret liens are kept off of the record, and persons are injured by giving credit, not knowing of the liens.

In *Blennerhasett* v. *Sherman,* 105 U S. 100, 116, *et seq.,* a mortgage was given and kept from the records for two months before it was filed, and during these two months, credit was given to the mortgagors that would not have been given had they known of the secret mortgage; and the court held the mortgage was a fraud, not under the bankruptcy act then in force, although it was a fraud under that; but, as the court says: "Upon this state of facts we are of opinion that the mortgage was a fraud upon the creditors of Allen, and therefore void at common law, and without regard to the provisions of the bankrupt act." (Page 117.)

Respondent further cites: *Hilliard* v. *Cayle*, 46 Miss. 309; *Hildreth* v. *Sands*, 2 Johns. Ch. 35; *Hildeburn* v. *Brown*, 17 B. Monroe 779; *Grover* v *Wakeman*, 11 Wend. 222; *Broadman* v. *Halliday*, 10 Page 222; *Riggs* v. *Murry*, 2 Johns. Ch. 565; *Nickalson* v. *Leavitt*, 4 Sanford 252; *Knight* v. *Hunt*, 15 Eng. Com. Law Rep. 656; *Pattridge* v. *Meser*, 14 Gray 180.

If it is permitted that secret agreements like the one in question can be entered into and consummated, surely the spirit if not the letter of the law is thwarted, and its efficacy impaired. "The attempt to contravene the policy of a public statute is illegal." *Sharp* v. *Teese*, 17 Am. Dec. 479, 480. Lawson's Rights, Remedies and Practice, vol. 5, sec. 2393, and cases cited.

BARTCH, J.:

This action was brought November 13, 1895, to obtain judgment for an indebtedness evidenced by certain promissory notes, aggregating $21,500. At the time of bringing the suit, attachment proceedings were also instituted, and a certain stock of merchandise, belonging to the defendant corporation, was attached and taken into possession by the United States marshal on the following day. Two days thereafter said defendant corporation made a motion to dissolve the attachment, which was denied, and this appeal is from the order denying the motion.

The first contention is that the attachment was irregularly and improperly issued, counsel for the appellants maintaining that the grounds upon which it was based did not conform to the statute. If this contention be correct, then the attachment must be discharged, because an attachment proceeding can be upheld only when the law which authorizes it has been complied with. It is an extraordinary remedy, severe and harsh in its nature,

**and** will not be aided by judicial interpretation. The cause for the attachment must be set forth in the affidavit, and the statute authorizing it, as is rightfully maintained by counsel for the appellant, must be strictly construed. This court so held in *Jones* v. *McQueen*, 13 Utah 178, 45 Pac. 202. Whether or not the ground on which the proceeding in this case was based conforms to the statute must be ascertained from the affidavit, which, so far as material here, states "that the said defendant, Little, Roundy & Co., has assigned and disposed of, and is about to assign and dispose of, its property, with intent to defraud its creditors." We think this portion of the affidavit complies substantially with the provisions of section 3308, subd. 3, Comp. laws 1888, which reads as follows: "Has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, any of his property, with intent to defraud his creditors." The fact that the cause for the attachment is alleged conjunctively does not render it liable to the charge of inconsistency, because it is quite possible that the defendant had disposed of a portion of its property absolutely, and was about to dispose of another portion of the same. This position is strengthened by a consideration of the fact that the seemingly different causes contained in the provision of the statute above quoted are all included in the same subdivision, as one ground for an attachment. There is therefore no inconsistency in the allegation that the defendant has assigned and disposed of, and is about to assign and dispose of, its property. Nor is it uncertain or misleading. The disposition thereof may have been complete as to a part of its property, and in contemplation as to the remainder. The allegation is proper. Such, we think, is the weight of authority under like statutes. Wade, Attachm. § 93; Drake, Attachm. § 102; *Mercantile Co.* v. *Glenn*, 6 Utah 139, 21 Pac. 500; *Nelson* v. *Munch*, 23

Minn. 229; *Salmon* v. *Mills*, 15 C. C. A. 356, 68 Fed. 180; *Dawley* v. *Sherwin* (S. D.) 59 N. W. 1027; *Blackinton* v. *Rumpf* 12 Wash. 279.

The next—and, we think, the decisive—question is whether there is any proof which will support the allegation respecting the disposition of the property by the defendant Little, Roundy & Co. with intent to defraud its creditors. It was alleged in the complaint and in the affidavit upon which the attachment proceedings were based, substantially in the language of the statute, that said defendant had assigned and disposed of, and was about to assign and dispose of, its property, with intent to defraud its creditors; but otherwise there is no other allegation of fraud. The fraudulent intent was denied by affidavit of A. Roundy, the manager of Little, Roundy & Co.; and it was also denied that any creditor had been defrauded, or was about to be defrauded. These denials cast the burden of proof upon the plaintiff, at the hearing of the motion to discharge the attachment, to show, not only the existence of such facts as justified the issuing of the writ, but also that the charge as to the fraudulent acts and purposes was true. This the plaintiff attempted to do by filing the affidavit of Hyrum S. Young, but the affidavit is so vague and indefinite that it seems impossible to conclude therefrom that the defendant, Little, Roundy & Co. made, or was about to make, a fraudulent disposition of its property; and there is no extrinsic evidence in aid of the affidavit. Nor are there any specific acts set out in the complaint which tend to establish fraud. In the affidavit, reference is made, on information and belief, to a verbal agreement between the manager of Little, Roundy & Co., and one James T. Little, to the effect that if he would loan it a certain sum of money it would prefer his claim therefor, by deed of assignment, in the event of its being unable to pay it; and affiant

further states that the arrangement was unknown to, plaintiff, and that if it had known thereof it would have insisted upon the payment of its claim. The date when this arrangement was made, or whether an assignment was made pursuant thereof, or whether the defendant Little, Roundy & Co. was a corporation, does not appear from the affidavit. Nor is it shown that said Little was in any way connected with said defendant, or that his claim was not a *bona fide*, existing demand. Without some knowledge of such material facts, it would seem difficult to determine that the transaction was fraudulent.

There is another statement in the affidavit on which the respondent relies, as follows: "Affiant further says, on information and belief, that the preference made in favor of the Utah Commercial and Savings Bank is fraudulent and void for the reason that said debt was an original debt owed by the said Little, Roundy & Co., and the rest and residue of said defendants in this case were also indorsers and co-makers of said note or notes that then represented the same." It is then stated that afterwards the bank held the notes against the defendant Little, Roundy & Co., and, on partial payment, renewed them, and that on such renewal the names of the other defendants were omitted from the notes. When the notes were originally given, and when renewed and the names omitted, is not shown. Such renewal may have been made in good faith, while said defendant was solvent, before any assignment was thought of, so far as appears from the proof. Nor is it shown that either one of the defendants whose names were omitted from the notes was a director or managing agent of Little, Roundy & Co. It is evident that the proof did not present facts which justified the court in denying the motion to discharge the attachment, and yet the burden was upon the

13 Utah—18

plaintiff to show that such a state of facts existed. Fraud will not be presumed. The general rule is that he who relies upon it as a cause of action must aver and prove it. After the defendants, by the affidavit of A. Roundy, had negatived the fraudulent intent, and the fraud which was assigned as a cause for issuing the writ, the plaintiff was bound to show the existence of such facts as established the truth of the allegations contained in the affidavit on which the attachment proceeding was founded, and that the issuance of the writ was justified. This court, in *Drug Co.* v. *Allen*, 8 Utah 117, 29 Pac. 881, speaking through Mr. Justice Miner, said: "In proceedings to discharge an attachment, it is first incumbent upon the defendant to negative the cause assigned for issuing the writ, and after this the burden is upon the plaintiff in attachment to show cause why the attachment should not be discharged, and he must establish the existence of such facts as justified the issuing of the writ." We intentionally and expressly refrain from expressing any opinion as to the validity of the assignment, because the pleadings and proof shown by the record are not such as to warrant it. We think the motion to dissolve ought to have been sustained, the plaintiff having failed to show by his proof a proper cause for an attachment. The case must therefore be reversed and remanded. It is so ordered.

ZANE, C. J., and MINER, J., concur.