## WESTERN AUTO CO. v. GURNEA.

No. 4708.   Decided January 7, 1929.   (274 P. 863.)
Reahearing Denied February 28, 1929.

*O. K. Clay*, of Price, for appellant.

*L. A. McGee*, of Price, for respondent.

STRAUP, J.

This is an appeal by the plaintiff from a ruling or order dissolving an attachment of personal property. The main action was one wherein the plaintiff sought to recover from the defendant on one count for goods sold and delivered amounting to $128.04 and on a second count for a balance of $111.54 due and unpaid on a promissory note. On the day of filing the complaint, July 27, 1927, the plaintiff also filed an affidavit for a writ of attachment. The only ground alleged for the writ is "that defendant is insolvent and that the only property that he has subject to execution is a Studebaker car being purchased under a title retaining contract and his equity in this car is barely sufficient to cover this plaintiff's claim and plaintiff is therefore justly apprehensive of the loss of its claim unless writ of attachment issue." Among other grounds for an attachment is the ground (Laws Utah 1925, p. 216) that "when the plaintiff sets forth facts in his affidavit showing probable cause that he is justly apprehensive of the loss of his claim unless writ of attachment issue." No doubt the affidavit was attempted to be predicated on such provision of the statute. Upon such affidavit and an undertaking given as in such case made and provided a writ of attachment was issued

on the same day the complaint and affidavit were filed and on the same day returned by the sheriff showing the attachment and description of the car. On the same day a "bond of release of attachment" was executed on behalf of the defendant by the United States Fidelity & Guaranty Company, which, after reciting the proceedings in the main action and stating the amount, $309.54, claimed to be due and unpaid as stated in plaintiff's affidavit for the writ, and that the plaintiff had attached the car as the property of the defendant, further recited that the conditions of the obligation were such "that if the said plaintiff recover judgment against the said defendant that the said defendant will, on demand, redeliver said attached property so released to the proper officer, to be applied to the payment of the judgment and that in default thereof the said defendant and surety will on demand pay to the said plaintiff the full value of the property released, not exceeding the amount of $620.00. Now, therefore, we the undersigned, the United States Fidelity & Guaranty Company of Baltimore, Maryland, in consideration of the premises and of the issuing of said release, do undertake in the sum of $620.00 that the defendant will redeliver the said attached property after judgment."

On August 4, 1927, the defendant served and filed a notice of motion to dissolve the attachment on the grounds that (1) the car was "purchased by contract by the defendant who holds only the equity therein and the title stands in the Industrial Acceptance Corporation and consequently said property is not subject to attachment"; (2) that the property under section 6925, Comp. Laws Utah 1917, was exempt; (3) that the defendant "has given a bond in the sum of $650 ($620) for the release of the said automobile and for that reason the said attachment should be dissolved"; (4) "that the affidavit for attachment does not state sufficient grounds for the issuance of such an attachment." The motion further recited that it "will be made on the records and files in said action and upon the attached

affidavit," an affidavit of the defendant. His affidavit so
served and attached thereto in substance recites that the
title to the automobile was in the Industrial Acceptance
Corporation and not in the defendant; that he, on contract,
had purchased it from the plaintiff, who had sold and as-
signed the contract to the Industrial Acceptance Corpora-
tion; that "all payments due on the automobile which are
due have been paid and there were several payments yet
to be made," and that the defendant did "not own the said
automobile until such payments are completed"; that the
affidavit of the plaintiff for a writ of attachment wherein
it was averred that the defendant was insolvent and that
the only property he had subject to execution was the car
in question, was false and fraudulent; that while the title
of the car was not in him and did not belong to him, yet he
filed a bond in the sum of $650 ($620) to protect his equity
therein; that he was not insolvent; that he had a monthly
commission from the Cullen Manufacturing Company which
enabled him to pay all his debts; that he had tendered "to
the plaintiff the amount of the debts it claims to be due and
that the said plaintiff has refused the same"; that the
plaintiff by the bringing of the action was attempting to
harass and annoy the defendant; that whatever equity de-
fendant had in or to the car was exempt for the reason that
he was a laborer employed as a traveling salesman, and that
he used the car in earning a livelihood and in earning his
living, and that it was exempt under section 6925, Comp.
Laws Utah 1917.

The motion to dissolve the attachment came on for hear-
ing September 15, 1927. No further affidavits were filed
by the plaintiff, nor was there any evidence, oral or other-
wise, adduced by him in support of his affidavit or ground
for an attachment. On argument of counsel for the re-
spective parties and to enable them to file briefs the further
hearing was continued until October 15, 1927. On that
date the court dissolved the attachment on the first and
second grounds stated in the motion and on the same day

filed and entered its order to that effect. The main case did not come on for hearing until February 11, 1928, at which time a judgment was rendered and entered in favor of the plaintiff and against the defendant on the first cause of action in the sum of $128.04 and in the second cause of action in the sum of $141.50, $40 attorney's fees and for costs amounting to $17.70. The appeal was taken March 10, 1928, by the plaintiff from the order dissolving the attachment entered October 15, 1927.

We think the appellant is not entitled to prevail. In the first place the affidavit for attachment was insufficient. It is based alone on the averment of insolvency of the defendant and that he had no property subject to execution except an interest in the car. Insolvency is not a ground for an attachment unless the statute so expressly provides. 6 C. J. 43, 54. Our statute (Laws 1925, c. 108) does not so provide. It provides a ground that "when the plaintiff sets forth facts in his affidavit showing probable cause that he is justly apprehensive of the loss of his claim unless writ of attachment issue." The statute in such respect is different and of different import from the garnishment statute (Laws Utah 1919, p. 344; Laws Utah 1925, p. 213) on the same subject. The garnishment statute does not require, as does the attachment statute, "to set forth facts showing probable cause" for the apprehension, etc. Under the attachment statute, merely averring insolvency does not suffice. Something in addition is required to be averred to show that, unless the writ issue, the property owned or possessed by the defendant or in and to which he has an interest subject to attachment or execution probably or likely will not be available to execution if and when judgment is had in the main cause in favor of the plaintiff and against the defendant. No such facts were averred or showing made.

In the next place the defendant, by his affidavit attached to his motion to dissolve the attachment, denied the aver-

ments of plaintiff's affidavit for an attachment. That cast the burden on the plaintiff to establish the ground for attachment as averred by it. This it did not do. It did not offer anything either by way of affidavits, or evidence, oral or otherwise, in support of its affidavit and ground for an attachment. In such case the attachment was properly dissolved. *Drug Co.* v. *Allen,* 8 Utah 117, 29 P. 881; *Deseret Nat. Bank* v. *Little, Roundy & Co.,* 13 Utah 265, 44 P. 930; 6 C. J. 451, and numerous cases there cited.

Though the court may have erred in dissolving it on the first and second grounds stated in the motion, that the defendant did not own the car and that the property was exempt, yet did not err in dissolving it on other grounds stated in the motion, and if upon any of the grounds stated therein the attachment ought to have been dissolved, the ruling dissolving it must be upheld, though based upon wrong reasons or on a wrong ground.

In such view, it is unnecessary to determine whether the court rightly or wrongly dissolved the attachment on the grounds that the property or the interest which the defendant had therein was not subject to attachment or was exempt from execution, nor whether the bond or undertaking "on release of the attachment," being a forthcoming bond and not to pay whatever judgment in the main action might be recovered by the plaintiff against the defendant (6 C. J. 327), did or did not in view of our statute (sections 6724, 6725, Comp. Laws Utah 1917) itself work a dissolution of the attachment or merely a release of the custody of the attached property.

We therefore are of the opinion that the order dissolving the attachment should be affirmed. Such is the order.

THURMAN, C. J., and CHERRY, HANSEN, and GIDEON, JJ., concur.