[No. 13053.    Department Two. — June 26, 1891.]

GEORGE BRYANT ET AL., APPELLANTS, v. ADOLPH STERNFELD ET AL., RESPONDENTS.

NEW TRIAL — ORDER EXTENDING TIME TO PREPARE STATEMENT — SERVICE. — An order extending the time within which to prepare a statement on motion for a new trial carries with it the same extension of time to serve the statement.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Smith & Murasky*, and *G. E. Harpham*, for Appellants.

The order of the lower court granting to plaintiff thirty days' time "in which to prepare" a statement, on motion for a new trial, also gave to plaintiff thirty days' time "in which to serve" the statement so prepared. (See *Cottle* v. *Leitch*, 43 Cal. 320, 321; *Burton* v. *Todd*, 68 Cal. 485–489.)

*M. J. Platshek*, and *M. S. Eisner*, for Respondents.

The order asked for and obtained from the court below did not extend plaintiffs' time "to serve" the proposed statement, and the motion to dismiss was properly granted. The failure to serve the statement in time is a waiver of the motion for a new trial, and it thereupon becomes the duty of the court to dismiss it for want of prosecution. (*Odd Fellows' Bank* v. *Deuprey*, 66 Cal. 167; *Chase* v. *Evoy*, 58 Cal. 348, 351; *Cooney* v. *Furlong*, 66 Cal. 520; *Hegeler* v. *Henckell*, 27 Cal. 491; *Jenkins* v. *Frink*, 27 Cal. 338; *Caney* v. *Silverthorne*, 9 Cal. 67.) Proceedings on motion for a new trial are statutory, and must be prosecuted strictly in the manner laid down by the statute. (*Martin* v. *Mayfield*, 49 Cal. 43; *Jenkins* v. *Frink*, 27 Cal. 339; *Bear River* v. *Boles*, 24 Cal. 355; *East-*

*erby* v. *Larco*, 24 Cal. 179; *Sawyer* v. *Sargent*, 65 Cal. 259; *Little* v. *Jacks*, 67 Cal. 165; *Burton* v. *Todd*, 68 Cal. 485; *Mazkewitz* v. *Pimentel*, 83 Cal. 450.)

FITZGERALD, C. — The transcript in this case contains two appeals; one upon the judgment roll, from a judgment rendered in favor of defendants; the other from an order dismissing plaintiffs' motion for a new trial.

It appears from the record that the order appealed from was made upon the ground that the order granting to plaintiffs an extension of time for thirty days, " to *prepare their statement* on motion for a new trial," did not extend the time to serve it.

Section 1054 of the Code of Civil Procedure, under which the court or judge derives the authority to make the order for such extension, provides only for the *preparation* of statements, and the word " service," as there used, is expressly limited in its application to notices other than appeal.

The order here made, extending the time for the purposes therein stated, is in strict compliance with the provisions of this section, and carries with it the same extension of time to serve the statement. (*Curtis* v. *Superior Court*, 70 Cal. 390; *Burton* v. *Todd*, 68 Cal. 485.)

Subdivision 3 of section 659 of the Code of Civil Procedure, upon which counsel for respondent mainly relies in support of his contention that the order referred to did not extend the time to serve the proposed statement, has no application, as we have already shown, to an order *granting an extension of time* to prepare such statement, but simply provides that "the moving party must," within the time therein prescribed, or the time allowed by the court or judge, "prepare a draught of the statement and serve the same or a copy thereof upon the adverse party." The record shows that the proposed statement was *prepared* and *served* upon defendants' counsel within the time fixed by the order.

It follows, therefore, that as the court below erred in making the order appealed from, it should be reversed, and the cause remanded for further proceedings on the motion for a new trial.

No error appearing on the judgment roll, the judgment should be affirmed, and we so advise.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is reversed, and the cause remanded for further proceedings on the motion for a new trial, and the judgment is affirmed.

Hearing in Bank denied.