[L. A. No. 4073.   Department One.—December 17, 1917.]

## JOHN F. KLANN, Respondent, v. W. E. HOFFMAN et al., Defendants; C. W. BATEMAN, Appellant.

NEW TRIAL—NOTICE OF INTENTION—EXTENSION OF TIME.—Under section 659 of the Code of Civil Procedure, before the amendment of 1915 (Stats. 1915, p. 201), forbidding extensions of time to file and serve a *"notice·* of intention" to move for a new trial, an order of court extending the time to "file" defendant's *"motion* of intention" for new trial was not to be disregarded because of the clerical misprision in the use of the word *"motion* of intention" instead of *"notice* of intention," and the extension of the time to *"file"* included the time for serving the notice.

MECHANIC'S LIEN—CLAIM OF SUBCONTRACTOR—TIME OF FILING—COMPLETIÓN OF WORK—EXTENDING TIME BY SUBTERFUGE.—Under section 1187 of the Code of Civil Procedure, providing that every lien claimant save the original contractor must file his claim of lien within thirty days after he has ceased to labor or to furnish materials or both, or at his option, within thirty days after the completion of the original contract, a subcontractor whose contract for the construction of two chimneys and a porch consisted in the main of furnishing and setting brick, could not, when he had completed the entire work, leave some trivial item undone, for more than thirty days thereafter, so that he could "come back every thirty days," and thus by a mere subterfuge prolong indefinitely the statutory time for filing his claim, and his testimony to the effect that he had pursued that course, and that that was his practice, warranted the reversal of a judgment in his favor on the ground that a finding that he had filed his claim within thirty days after ceasing to labor or furnish materials was unsupported by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

P. S. McNutt, for Appellant.

J. B. McLaughlin, for Respondent.

SLOSS, J.—Action to foreclose mechanic's lien. Plaintiff had judgment, from which, and from an order denying his motion for a new trial, the defendant owner appeals.

The respondent makes a preliminary objection to the consideration of the statement on motion for new trial, or of the ruling denying such motion, upon the ground that notice of intention to move for a new trial was not filed and served within the time allowed. It appears that written notice of the entry of judgment was served upon the appellant on January 16, 1914. This started the running of the period of ten days within which he was required, if he desired to move for a new trial, to file with the clerk and serve upon the adverse party a notice of his intention so to do. (Code Civ. Proc., sec. 659.) At the time of the proceedings here in question, the section just cited had not yet been amended so as to prohibit an extension of this time by order or stipulation. (See Stats. 1915, p. 201.) On January 21, 1914, the appellant obtained from the court an order granting him "ten days in addition to the ten days required by law in which he may file his motion of intention to move for a new trial in said cause." Within the time, as thus extended, he duly served and filed his notice of intention. It is objected that the order of extension was ineffectual for two reasons. The first objection, based upon the appearance in the order of the word "motion," instead of "notice," is not worthy of serious consideration. The use of this inappropriate term was manifestly the result of a mere clerical error, which could not mislead anyone. The further point is that the order of court merely extended the time for filing, but not the time for serving, the notice, both steps being essential to the initiation of a proceeding for new trial. We are not disposed to give to the order so narrow and literal an interpretation. The appellant, in applying to the court, was doubtless seeking additional time within which to take the steps required to enable him to move for a new trial. It is hardly to be supposed that the court intended to give him ten days to file his notice, without at the same time extending his time to serve it. The rulings of the court heretofore have been in the direction of a liberal construction of orders of this kind. In *Cottle* v. *Leitch*, 43 Cal. 320, there was an order allowing the defendant thirty days "for preparing and filing motion for a new trial." This the court regarded as sufficient to extend the time for taking all of the steps required to give a valid notice of intention, i. e., both the filing and the service of such notice. In *Burton* v. *Todd*, 68 Cal. 485, [9 Pac. 663],

it was held that section 1054 of the Code of Civil Procedure, when it permits the extension of time for the *service* of a notice, also authorizes the court to extend the time for *filing* such notice. In *Bryant* v. *Sternfeld*, 89 Cal. 611, [26 Pac. 1091], the plaintiffs had been granted an extension of time "to prepare their statement on motion for a new trial," and it was held that this carried with it the same extension of time to serve the statement. These decisions are in harmony with the general spirit of our practice, which favors the determination of causes on their merits, rather than upon technical niceties of procedure. We hold, accordingly, that the order extending time authorized not only the filing but the service of the notice within the additional time granted.

The complaint alleges that J. C. Le Claire and C. C. Pitzer, copartners under the name of U. S. Investment Company, as contractors, made a contract with W. E. Hoffman, as owner, for the construction of a frame dwelling upon a lot in the city of Los Angeles. The plaintiff made a subcontract with Le Claire and Pitzer for the furnishing of all labor and materials necessary to construct two chimneys and one brick porch in said building, for $128, and the lien sought to be foreclosed is for this amount. Plaintiff alleges that he fully completed his said contract on the twenty-ninth day of August, 1912, and that he filed his claim of lien on the thirtieth day of August, 1912, within thirty days after said work was completed and said materials furnished by him. Appellant, Bateman, answered, alleging that he has succeeded to the interest of the true owner; and denying, among other things, that the plaintiff filed his lien within thirty days after the work and labor was completed or the materials furnished by said plaintiff. The answer contained other allegations and denials which need not here be stated.

The findings were in favor of the plaintiff, and judgment was entered foreclosing the lien for the amount claimed.

The statement on motion for new trial specifies various particulars in which the evidence is insufficient to support the findings. In particular, the finding that plaintiff filed his lien within thirty days after completing his work and labor is attacked. Under section 1187 of the Code of Civil Procedure every lien claimant, save the original contractor, must file his claim of lien within thirty days after he has

ceased to labor or to furnish materials, or both, or at his option, within thirty days after the completion of the original contract. By his complaint the plaintiff did not undertake to show a compliance with the latter alternative. His allegation was that he had filed his claim of lien within thirty days after ceasing to labor or furnish materials, and the judgment in his favor is based upon a finding of such filing. We think it clear that the finding is not sustained.

The plaintiff testified that the last work he did on his contract was to put a door in a chimney on August 29, 1912, the day before he filed his claim of lien. His further examination, however, left no room for doubt that, in reality, he had completed the entire work called for by his contract in December, 1911. The work that he was required to do was to construct two chimneys and a porch, and this consisted, in the main, of furnishing and setting brick. The brick work was all completed in December, 1911. The door of which we have spoken was a small iron ashpit door, eight by ten inches in size, at the base of one of the chimneys. It cost seventy-five cents, and was supplied to replace one which had been furnished before, but had been stolen. The plaintiff testified that it was his practice, when he was uncertain about payment on a job, to leave something undone, so that he could "come back every thirty days," and thus, as he thought, prevent such a completion of his work as would start the running of the time for filing a claim of lien. For several months, at least, prior to August, 1912, he had presented to the contractors bills calling for payment of the full sum agreed to be paid him.

The evidence which we have outlined shows clearly that the plaintiff had, in substance and in fact, completed his contract seven or eight months before he filed his claim of lien, and that he had himself treated the contract as completed. Passing the point that a door had once been furnished, the omission to supply this trivial item was, on plaintiff's own admission, a mere subterfuge to support the pretense that the work had not been completed. A lien claimant cannot by such means, clearly not employed in good faith, prolong indefinitely the statutory time for filing his claim.

It is unnecessary, in view of these conclusions, to consider any other point.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Lawlor, J., concurred.